NO. 4-00-1008

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

BEVERLY D. ELLIS, Special Administratrix ) Appeal from

of the Estate of SHAUN J. ELLIS, ) Circuit Court of

Plaintiff-Appellant, ) McLean County

 ) No. 95MR7

AMERICAN FAMILY MUTUAL INSURANCE )

COMPANY, a Corporation, ) Honorable

Defendant-Appellee. ) Luther H. Dearborn,

 ) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Plaintiff Beverly D. Ellis appeals from the trial court's grant of summary judgment in favor of defendant American Family Mutual Insurance Company (American Family).  We affirm.

American Family issued a motor vehicle insurance policy to Ellis effective from December 12, 1991, to June 12, 1992.  The policy contained an endorsement, the "Automobile Accidental Death and Specific Dismemberment Benefits Coverage Endorsement."  On May 15, 1992, Ellis' son Shaun was killed in an automobile accident while driving Ellis' car.  Ellis sought benefits under the endorsement but American Family denied coverage. 

On January 17, 1995, Ellis filed a complaint for declaratory judgment; American Family filed an answer and a counterclaim for declaratory judgment.  
The parties next filed cross-motions for summary judgment.  Each was denied.  The case languished for two years.  Ellis then filed a second motion for summary judgment; American Family filed a response and cross-motion for summary judgment.  Ellis' motion was denied, American Family's was granted.  From this ruling, Ellis appeals.  

Three pertinent provisions of the policy are at issue.  The first two provisions are found in the endorsement:

"Death Benefit: We will pay the maximum 

benefit shown in the declarations, if the 

insured person dies within 90 days of the 

accident.

* * *

Insured person or insured persons means 

you or any relative while occupying, or when 

struck by, a land motor vehicle or trailer."

The third provision is found in the base policy, in a section entitled "Definitions Used Throughout the Policy":

"Relative means a person living in your 

household related to you by blood, marriage[,] 

or adoption.  ***  It excludes any person who, 

or whose spouse, owns a motor vehicle other 

than an off-road motor vehicle."

American Family offers two theories in support of the trial court's ruling:  (1) Shaun owned his own car, thereby coming under an exception to the policy definition of "relative" and (2) Shaun was not "living in [Ellis'] household" at the time of his death.

The question whether an individual is a resident of, or living in, a household commonly arises in other automobile policy contexts.  The standard automobile policy covers "relatives" as insureds, meaning persons living in the household and related to the insured by blood or marriage.  See 625 ILCS 5/7-317(a), (b) (West 2000); 215 ILCS 5/143.13(a) (West 2000).  A number of cases consider whether a person is a "relative" and accordingly covered as an insured under an automobile liability policy.  See, 
e.g.
, 
State Farm Mutual Automobile Insurance Co. v. Taussig
, 227 Ill. App. 3d 913, 916, 592 N.E.2d 332, 334-35 (1992) (child who dropped out of school and had his own apartment not a related person who lived with his parents); 
Kopier v. Harlow
, 291 Ill. App. 3d 139, 142, 683 N.E.2d 536, 538 (1997) (liability coverage exclusion for bodily injury or property damage arising out of use of any vehicle owned by any "resident of the household").  Other cases have considered whether a person is a relative "resident of the household" and accordingly excluded from receiving benefits under a homeowner's or automobile liability policy.  See, 
e.g.
, 
Country Mutual Insurance Co. v. Peoples Bank
, 286 Ill. App. 3d 356, 359-60, 675 N.E.2d 1031, 1033-34 (1997) (foster child under one-year placement agreement a "resident of the household").  Different factors may apply in cases interpreting coverage clauses than in cases involving exclusion clauses.  The endorsement here, providing accidental death benefits, appears to be somewhat unusual, even though it employs language previously interpreted in the cases.  Why should a relative, traveling in an insured vehicle, be covered under the endorsement if he does not own a motor vehicle, but not be covered if he does?

The policy definition of "insured persons" includes the policyholder's relatives.  The policy definition of "relative" specifically excludes individuals who own their own vehicles.  American Family states that Shaun owned his own vehicle and therefore was not an insured person.

American Family mainly relies upon Ellis' response to a request for admission tendered pursuant to Supreme Court Rule 216 (134 Ill. 2d R. 216).  American Family's request No. 7 stated:

"7.  That on May 15, 1992, the decedent, 

SHAUN J. ELLIS, was the owner of his own 

vehicle and it was not the 1982 Oldsmobile 

88 Royale which was involved in this accident."

Ellis' response to the request did indeed explicitly admit the truth of this fact.  On appeal, Ellis refers to a portion of her discovery deposition wherein she contradicts her admission:

"DEFENSE COUNSEL:  In May of 1992 did 

Shaun own his own vehicle?

PLAINTIFF:  No, not at the time of the 

accident.

DEFENSE COUNSEL:  In your answers to the 

[r]equest for [a]dmission of [f]acts you were 

asked whether Shaun was the owner of his own 

vehicle on May 15th of '92, and you admitted 

that.  Was that wrong?  He didn't have his 

own car?

PLAINTIFF:  Not at the time he did not.

DEFENSE COUNSEL:  Okay.  Had he at any 

time prior to--

PLAINTIFF:  Yes.

DEFENSE COUNSEL:  --the accident? Okay.  

When was the last time that he owned a vehicle 

prior to the accident date of May 15th, '92?

PLAINTIFF:  I don't honestly remember that.

* * *

DEFENSE COUNSEL:  Do you know the reason 

why Shaun was using your vehicle at that time?

PLAINTIFF:  He did not have a car of his 

own at that time, so until he had decided 

what he was going to purchase he was using 

my car."

Ellis directs our attention to Supreme Court Rule 201(j), which states that "[d]isclosure of any matter obtained by discovery is not conclusive, but may be contradicted by other evidence."  166 Ill. 2d R. 201(j). 

Rule 216(a) (134 Ill. 2d R. 216(a)) allows a party to request admission of "the truth of any specified relevant fact," including an ultimate fact.  See also 
P.R.S. International, Inc., v. Shred Pax Corp.
, 184 Ill. 2d 224, 237, 703 N.E.2d 71, 77 (1998) (requests for admission of legal conclusions are improper).  Requests to admit differ from other discovery devices in that requests to admit are not designed to produce evidence but to limit the issues at trial and withdraw admitted facts from contention.  
People v. Mindham
, 253 Ill. App. 3d 792, 797, 625 N.E.2d 835, 839 (1993).  Through the request-to-admit procedure, a party is able to determine what facts remain disputed and accordingly require further discovery.  
Mindham
, 253 Ill. App. 3d at 798, 625 N.E.2d at 840.  

"While these requests are designed to clarify 

and simplify evidentiary issues at trial 

rather than to further the goals of discovery, 

they are governed by Rule 216 and enforced in 

accord with the rules pertaining to discovery.  

Nevertheless, Rule 201(j), which provides 

that matter disclosed by discovery is not 

conclusive, should be inapplicable to these 

requests because their purpose is to obtain 

judicial admissions."  4 R. Michael, Illinois 

Practice §33.9, at 152 (1989) (Civil Procedure 

Before Trial). 

Admissions pursuant to requests to admit constitute judicial admissions, which are binding upon the party making them; they may not be controverted at trial or in a motion for summary judgment.  M. Graham, Cleary & Graham's Handbook of Illinois Evidence §802.11, at 779 (7
th ed. 1999) (hereinafter Cleary & Graham).  Only in extraordinary circumstances may a party escape the consequences of a judicial admission.  See Cleary & Graham §802.11, at 781
, citing 
In re Marriage of O'Brien
, 247 Ill. App. 3d 745, 749, 617 N.E.2d 873, 875 (1993) (verified pleading not binding if amended pleading discloses that admissions were made through mistake or inadvertence).  While a stipulation is ordinarily binding, the trial judge may, in her sound discretion, relieve a party from its effect upon application seasonably made and a showing that the matter is in fact untrue, violative of public policy, or the result of fraud.  Cleary & Graham §202.4, at 
67, citing 
Brink v. Industrial Commission
, 368 Ill. 607, 609-10, 15 N.E.2d 491, 492 (1938); see also 
Sanders v. Sanders
, 55 Ill. App. 3d 248, 251, 371 N.E.2d 121, 123-24 (1977) ("In order to reach a just result in this case it is imperative that we not treat the technical admission of lack of maternity to operate against the best interests of the minor child").  A trial court has some discretion under Rule 216 (134 Ill. 2d R. 216).  
Bright v. Dicke
, 166 Ill. 2d 204, 207, 652 N.E.2d 275, 276 (1995) (despite the language of Rule 216 that a request is admitted unless a specific denial or objection is served within 28 days, under Rule 183 (134 Ill. 2d R. 183) a trial judge has discretion to allow late service of a response to a request to admit where the delinquent party has shown good cause for the delay).     

Ellis' attempt to avoid the consequences of her judicial admission cannot be allowed.  Answers to requests to admit cannot be controverted at trial or in a motion for summary judgment.  Even if Ellis had made a proper request to be relieved of the consequences of her admission, her equivocal answers at the deposition would not have justified such relief.   Because Ellis had admitted that Shaun owed a vehicle at the time of his death, Shaun was not an insured person under the provisions of the policy, and the grant of summary judgment was proper.  Because of our resolution of this issue, we need not consider whether Shaun was "living in [Ellis'] household," which, if 
not
 true, would also have barred recovery under the endorsement.

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

STEIGMANN, P.J., and MYERSCOUGH, J., concur.