LAUREN BROOKBANK, Plaintiff-Appellant, v. KATIE ANN OLSON, Defendant-Appellee.

First District (3rd Division)   No. 1—08—1069

Opinion filed April 8, 2009.

COLEMAN, J., dissenting.

John P. Brattoli, of Joseph L. Planera & Associates, of Chicago Heights, for appellant.

Keely Hillison and Shaun Swope, both of Parrillo, Weiss & O'Halloran, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

This case appears before us on a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308) to consider a

684

question certified by the trial court regarding the interpretation of Supreme Court Rule 216(c) (134 Ill. 2d R. 216(c)). During the pendency of this personal injury action, plaintiff Lauren Brookbank served a request to admit facts upon defendant Katie Ann Olson. When defense counsel was unable to locate defendant, the trial court granted counsel leave to provide a sworn statement denying the matters requested to be admitted in defendant's absence. Plaintiff objected and filed a motion to strike the responses because the party did not personally provide the sworn statement denying the matters of which admission was requested pursuant to Supreme Court Rule 216(c). 134 Ill. 2d R. 216(c). The trial court denied the motion to strike and certified the following question for our review:

"Whether the trial court has authority to allow only a party's attorney to sign and verify a [r]esponse to a Rule 216 [r]equest to [a]dmit facts, when the attorney cannot locate the party, i.e., his client."

We granted plaintiff's petition for leave to appeal and answer the certified question in the negative.

BACKGROUND

Plaintiff brought this negligence action against defendant seeking damages for personal injuries she sustained as a result of a car collision with defendant's vehicle. Plaintiff obtained substitute service on the Secretary of State after a return of service directed to defendant's last known address revealed that defendant had moved from that address. The matter was set for a hearing on plaintiff's motion for a default judgment and a "prove-up." Thereafter, defense counsel entered an appearance and the trial court granted a motion to vacate any defaults. An answer and affirmative defenses were also filed.

During discovery, plaintiff served a request to admit facts on defendant. The request sought admission from defendant that: (1) an attached exhibit was a true and accurate statement of an account for plaintiff's medical expenses; (2) the charges were fair, reasonable and customary charges for the medical services performed; and (3) the charges were for services that were reasonable and necessary treatment for injuries suffered as a result of the accident.

Within the time allowed for a response, defense counsel responded, objecting to the requests as improper and indicating that counsel could not admit or deny the requests because he was "unable to contact [d]efendant to determine the veracity of any admission or denial." Additionally, defense counsel was unable to produce his client for a deposition. The record reflects that defense counsel hired an investigator who indicated that all "skip tracing" leads had been exhausted and that he was unable to locate defendant.

In response, plaintiff filed a motion to strike the response and to deem the matters admitted, arguing that the response failed to comply with Supreme Court Rule 216(c) (134 Ill. 2d R. 216(c)) because the party did not verify the responses. The trial court denied plaintiff's motion to strike and granted defense counsel leave to serve an amended response verified only by counsel. Defense counsel then signed and verified the responses in defendant's absence, denying the matters of which admission was requested. There is no indication in the record that defense counsel ever had any contact with defendant.

Thereafter, the matter proceeded to mandatory arbitration. Defense counsel admitted negligence on behalf of his client and the trial court granted a motion to excuse defendant's presence at the arbitration. After the arbitrators entered an award in favor of plaintiff for $3,000 plus costs, defense counsel filed a notice rejecting the award on behalf of defendant. Plaintiff then filed a renewed motion to strike defendant's response to the request to admit, again arguing that the verified response signed only by counsel did not comply with Rule 216(c). The trial court denied plaintiff's motion, but certified the question that is the subject of this appeal pursuant to Supreme Court Rule 308. 155 Ill. 2d R. 308. We granted plaintiff's application for leave to appeal.

ANALYSIS

Our scope of review is governed by Supreme Court Rule 308(a). 155 Ill. 2d R. 308(a). Rule 308 provides an avenue of permissive appeal for interlocutory orders where the trial court has deemed that they involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 155 Ill. 2d R. 308(a). We are generally limited to the question certified by the trial court, which, because it must be a question of law and not fact, is reviewed *de novo*. *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 153 (2007).

In order to answer the certified question, we are initially called upon to construe Supreme Court Rule 216(c). 134 Ill. 2d R. 216(c). It is well settled that the construction of our rules is comparable to this court's construction of statutes. 134 Ill. 2d R. 2, Committee Comments ("the same principles that govern the construction of statutes are applicable to the rules"); *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 342 (2007). The most reliable indicator of the supreme court's intent is the language used in the rule, which should be given its plain and ordinary meaning. *In re Estate of Rennick*, 181 Ill. 2d 395, 404-05 (1998).

■ Rule 216(c) provides, in pertinent part, as follows:

"Admission in the Absence of Denial. Each of the matters of fact *** of which admission is requested is admitted unless, within 28 days of service thereof, the party to whom the request is directed serves upon the party requesting the admission *** a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters." 134 Ill. 2d R. 216(c).

The plain meaning of Rule 216(c) has been previously considered by our courts. In 2003, the appellate court in *Moy v. Ng*, 341 Ill. App. 3d 984 (2003), had occasion to address the validity of a response to a request to admit verified by counsel instead of a party. The court held that although counsel may respond to pleadings on behalf of a party, the rules governing requests to admit require response by the parties and not by their attorney. *Moy*, 341 Ill. App. 3d at 989 (citing *Magee v. Walbro, Inc.*, 171 Ill. App. 3d 774, 780 (1988), and *Johannsen v. General Foods Corp.*, 146 Ill. App. 3d 296 (1986)).

Subsequently, our supreme court revisited the plain meaning of Rule 216 again in *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 355 (2007). Therein, the court overruled the decision of the appellate court in *Moy*, only to the extent that *Moy* held that " 'the party responding to the Rule 216 request must sign the answer and provide the sworn-to statement.' " (Emphasis omitted.) *Vision Point*, 226 Ill. 2d at 355, quoting *Moy*, 341 Ill. App. 3d at 990. The supreme court found that nothing in the rule required a party to *both* verify and sign a denial to a request to admit. *Vision Point*, 226 Ill. 2d at 355. Rather, the court found that "the plain language of the rule states that the party to whom the requests to admit are directed must serve upon the requesting party either 'the sworn statement' denying the matters of which admission is requested or written objections which need not be sworn." *Vision Point*, 226 Ill. 2d at 355. There, the plaintiff's response was not signed, but was verified by its corporate representative in language that tracked section 1—109 of the Code of Civil Procedure. 735 ILCS 5/1—109 (West 2006). The court held that this verification alone without the additional signature was sufficient to comply with the requirements of the rule. *Vision Point*, 226 Ill. 2d at 355-56.

To be clear, nothing in *Vision Point* overruled the point of law in *Moy* holding that the rules governing requests to admit require response by the parties and not by their attorney, as the supreme court in *Vision Point* had no occasion to consider the validity of a verification by an attorney as opposed to a party. Thus, *Moy* and *Vision Point*, when viewed together, stand for the proposition that under Rule 216(c) (134 Ill. 2d R. 216(c)), a party, or in the case of a

corporation, its corporate representative, must provide the sworn-to denial in response to a request for admission and that a party's verification under section 1—109 of the Code (735 ILCS 5/1—109 (West 2006)) satisfies the proper form of the "sworn statement" requirement under the rule.

■ We find support for this interpretation in the plain language of Rule 216. Rule 216 subsection (a) indicates that requests to admit are directed to a party. 134 Ill. 2d R. 216(a). Subsection (c) provides in part that the responding party may respond by serving a sworn statement of denial or sworn reasons why "he" can neither admit nor deny the requested facts. 134 Ill. 2d R. 216(c). The antecedent to which the pronoun "he" refers is the "party." Thus, the plain language of the rule confirms that the supreme court contemplated that the sworn statement was to be made by the party to whom the request was directed.

We find further support for this general construction in the corresponding Federal Rules of Civil Procedure (Fed. R. Civ. P. 36). Prior to 1970, Rule 36 governing requests to admit had substantially similar language to our current rule. Authorities interpreting Rule 36 specifically provided that the response "had to be sworn and it had to be the response of the party itself rather than of its attorney." 8A C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure §2259, at 552 (2d ed. 1994). The 1970 amendments to Rule 36 altered the rule by deleting the requirement that the answer be sworn in favor of a provision that the answer be "signed by the party or by his attorney." Fed. R. Civ. P. 36, Advisory Committee Note to the 1970 Amendments of Rule 36(a). Our supreme court has chosen not to alter Rule 216 in this way.

We also note that other jurisdictions which have chosen language consistent with Illinois have also held that a sworn or verified statement by the party's attorney was insufficient under the applicable rule or statute. See, *e.g.*, *Steele v. Totah*, 180 Cal. App. 3d 545, 550, 225 Cal. Rptr. 635, 637 (1986) ("the plain statutory language *** compels the conclusion that a party, and not the attorney, must verify requests for admissions"); *Young v. Dodson*, 239 Ark. 143, 388 S.W.2d 94 (1965) (responses improper and inadequate where they were sworn to by attorneys rather than the parties themselves).

Given this construction of the rule, we are asked by the certified question to determine whether the trial court has discretion to allow an attorney to verify a response denying a request to admit where the client cannot be located. Unlike other discovery devices, the failure to follow the proper framework of Rule 216 results in an incontrovertible judicial admission and has the effect of withdrawing that fact from contention. *Mt. Zion State Bank & Trust v. Consolidated Communica-*

*tions, Inc.*, 169 Ill. 2d 110, 125 (1995); *Tires 'N Tracks, Inc. v. Dominic Fiordirosa Construction Co.*, 331 Ill. App. 3d 87, 91 (2002); *Ellis v. American Family Mutual Insurance Co.*, 322 Ill. App. 3d 1006, 1010 (2001). Although we are mindful that our Supreme Court Rule 183 (134 Ill. 2d R. 183) allows a trial court discretion to permit a party to file a late response to a request to admit for good cause shown, we find nothing in the rules or our statutes that would grant the trial court discretion to alter the procedural framework of Rule 216. See *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995) (supreme court rules are to be "enforced as written"). Thus, under Rule 183, an extension of time could be sought to locate a client who has temporarily lost contact with counsel or is temporarily absent from the jurisdiction. However, nothing in Rule 183 would give the trial court discretion to allow counsel to provide the sworn-to denial in place of a client with whom he has never had any contact and whom he cannot locate. Without any client contact, there is no indication by counsel's sworn statement that the responding party has adopted or substantiated the answers provided or even authorized the attorney to enter a denial.

Defense counsel argues that where a client cannot be located, notions of fundamental fairness require the trial court to enter an order allowing counsel to verify the response to prevent an abuse of discovery. In support, he cites Supreme Court Rule 218, which allows the trial court to place certain limits on discovery (166 Ill. 2d R. 218), and Supreme Court Rule 219(d) (210 Ill. 2d R. 219), which addresses sanctions for abuse of discovery rules. However, the use of requests to admit by a plaintiff are a proper discovery method and are within the rule. See, *e.g.*, *Szczezeblewski v. Gossett*, 342 Ill. App. 3d 344 (2003) (party has a good-faith obligation to make reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control). Moreover, we are not called upon by this case under Rule 308 to address the merits of plaintiff's request to admit. Nor did the trial court find that plaintiff violated any discovery rules in its underlying ruling. Thus, whether these were appropriate requests to admit facts is beyond the scope of this certified question. 155 Ill. 2d R. 308.

We also note that a sworn statement of denial is not the only means by which to respond to a request to admit. Rule 216 provides other mechanisms by which counsel can respond on behalf of his client. Under Rule 216(c) a responding party may serve "written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." 134 Ill. 2d R. 216(c). Nothing in the rule requires written objections to be sworn. See *Vision Point*, 226 Ill. 2d at 355

(plain language of the rule provides that written objections need not be sworn). Thus, instead of a sworn statement of denial, counsel can serve written objections on the party's behalf. 134 Ill. 2d R. 216.

Ultimately, the briefs submitted by counsel lack any clearly articulated or well-reasoned argument to explain under what authority the trial court has discretion to allow counsel to provide a sworn statement of denial when counsel has had no contact with his client. Nevertheless, we acknowledge that the use of requests to admit where a defendant is known by a plaintiff to be absent and cannot be located after due diligence does indeed raise concerns regarding the purpose of Rule 216. The statute was not designed to shift the burden of proof onto a defendant. Rather, the purpose is to save the time and expense of litigation by eliminating the necessity of proof regarding facts within the knowledge of the party upon whom the request is made. *Szczeblewski*, 342 Ill. App. 3d at 349; *Ellis*, 322 Ill. App. 3d at 1010.

Here, where the client is absent, the framework of the rule may allow a judgment to be predicated on matters deemed admitted by failure to properly respond without the "prove-up" that would have occurred had there been a default. 134 Ill. 2d R. 216. There may be situations where counsel may be compelled to enter an appearance despite the inability to locate a client. For example, an insurer may have a duty to defend its insured and would be potentially at risk of liability for failing to comply with its duty to defend its insured against a default. This situation would leave counsel hired by the insurer in a difficult position with respect to discovery when its insured cannot be located. Nevertheless, these policy issues are properly addressed to the consideration of the supreme court. We must abide by the rules as they are currently written. *Bright*, 166 Ill. 2d at 210. Accordingly, for all of the foregoing reasons, we answer the certified question in the negative.

Certified question answered.

QUINN, J., concurs.

JUSTICE COLEMAN, dissenting:
I respectfully dissent.

In *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334 (2007), our supreme court overruled an interpretation of Rule 216 that imposed a signature requirement not created by the rule's plain language and held that denials certified in accordance with section 1—109 of the Code of Civil Procedure are sufficient to satisfy the rule's requirement of service of a sworn statement. I do not believe that the majority's opinion sufficiently adheres to the course set by the *Vision Point* court.

As the majority notes, Rule 216 provides that facts that are the subject of admission requests are deemed admitted unless "the party to whom the request is directed serves upon the party requesting the admission *** a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters." 134 Ill. 2d R. 216. The rule's language requires only "a" sworn statement, not "the party's statement," not "his statement," and not "her statement." The rule addresses the actions of an answering party only in requiring her to serve the responses upon her opponent. Like the signature requirement imposed by this court in *Moy* and disapproved by the supreme court in *Vision Point*, the majority's mandate that the sworn statement be made by the party "has no support in the language of Rule 216." *Vision Point*, 226 Ill. 2d at 355.

In addition to its rejection of verification requirements not established by the language of Rule 216, *Vision Point* establishes the form of sworn statement sufficient to satisfy the rule's terms: "[S]ection 1—109 verification constitute[s] the very 'sworn statement' that Rule 216 requires." 226 Ill. 2d at 355. The language of section 1—109 does not require verification by a party; instead, the statute calls for certification by "[t]he person or persons having knowledge of the matters stated in a pleading, affidavit or other document." 735 ILCS 5/1—109 (West 2006). A reading of *Vision Point* in concert with the language of section 1—109 compels the conclusion that Rule 216 responses may be certified by any individual with knowledge of the facts at issue, whether that individual is a party or her attorney. This conclusion cannot be reconciled with the majority's disposition.

The Rule 216 requests served by the plaintiff in the instant case sought admission of the necessity of her medical treatment and the reasonable nature of the charges for that treatment. The majority's opinion produces the result that these facts will be deemed admitted solely because the defendant cannot be found to personally certify their denial. This result is particularly inappropriate in view of the fact that the defendant is not likely to have the expertise to testify competently on such issues (see *Gill v. Foster*, 232 Ill. App. 3d 768, 792 (1992); *aff'd*, 157 Ill. 2d 304 (1993); *Rose v. Mercedes-Benz U.S.A., LLC*, 378 Ill. App. 3d 615, 621-22 (2007)) and would have been required to consult with her attorneys and other agents to incorporate their knowledge into her answers (*Szczeblewski v. Gossett*, 342 Ill. App. 3d 344, 349 (2003) (quoting *Singer v. Treat*, 145 Ill. App. 3d 585, 592 (1986), and citing *Brandon v. DeBusk*, 85 Ill. App. 3d 645, 647 (1980)).

The majority's blanket prohibition of attorney-certified responses extends not only to denials of admitted facts, but also to explanations of the inability to admit or deny. Whether his client is willfully absent, unlocated for unknown reasons, incompetent or disabled, and whether the proper answer is an admission, denial, or explanation of the client's disability, the majority bars the attorney who cannot secure his client's verification from providing the Rule 216 answers that are within his own knowledge.

The section 1—109 certification held sufficient in *Vision Point* does not require this result. Since it permits answers from individuals having knowledge of the matters asserted, it would allow attorneys to provide sworn answers to requests directed to their expertise rather than the party's knowledge. The knowledge-based certification would require a party's swearing to matters directed to the party's personal recollections. It would also permit an attorney with knowledge of a party's absence or incapacity to certify a response explaining the reasons why the party could not truthfully admit or deny the requests.

The question presented for our review in the case at bar asks only whether the trial court has the authority to permit attorney certification under the present circumstances; it does not ask us to find that such certifications be accepted in all cases. The section 1—109 certification permits the trial court to determine whether the responses to Rule 216 requests have been verified by an individual with knowledge of the facts and to accept or reject the responses on that basis. I believe that the trial court had the authority to accept the attorney-certified responses in the instant case, and I would answer the trial court's question in the affirmative.