DAVID SKOTTICELLI, Plaintiff-Appellee, v. CLUB MISTY, INC., d/b/a Tequila Roadhouse, *et al.*, Defendants-Appellants.

First District (6th Division)    No. 1—09—2363

Opinion filed December 17, 2010.

Stuart N. Rappaport, of Lindsay, Rappaport & Postel, LLC, of Waukegan, for appellants.

Michael S. Shinsky, of Kralovec, Jambois & Schwartz, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

This is a permissive appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308). Plaintiff David Skotticelli brought this action for personal injuries he sustained as a result of a fight with Pedro E. Diaz inside Tequila Roadhouse, a tavern owned and operated by defendant Club Misty, Inc. Plaintiff served Club Misty with a request to admit facts under Supreme Court Rule 216 (134 Ill. 2d R. 216). Club Misty responded, denying all requests. The response was signed by Club Misty's president, Matthew Schulte. Schulte had no personal knowledge of the matters in the request to admit but relied on representations made to him by Club Misty's attorney. Plaintiff moved to strike the response and deem the requests admitted. The circuit court granted the motion. Club Misty filed a motion to reconsider and for Supreme Court Rule 308 certification. The court denied Club Misty's motion to reconsider but in response to an affidavit filed by Club Misty's attorney, the trial court certified a question for review under Rule 308. The question certified by the trial court reads as follows:

> "Where a trial court finds that a corporate defendant denied a request to admit, based on the lack of knowledge of the subject requests on the part of the corporate president, and the corporate president's lack of any of the investigation or inquiry on his own part, and where the corporation is out of business and had no employees at the time the requests were propounded, and the corporation asserts that its denials of the requests to admit were based on information learned by defense counsel from interviewing the prior employees of the corporation, can the trial court properly strike the corporation['s] denials of the requests to admit and deem the request to be admitted?"

Both parties agreed at oral argument that the critical part of the certified question is contained in the phrase "the corporation asserts that its denials of the requests to admit were based on information learned by defense counsel from interviewing the prior employees of the corporation." The admission by the parties that this language is the heart of the matter simplifies our reading of the certified question. A paraphrase that mischaracterizes the certified question in the appellee's brief is helpful also. The appellee asserts that "[a] Corporate Party Should be Sanctioned for Answering a Discovery Request Based on Unknown Information that was Obtained from an Investigation Carried Out by a Non-Corporate Party." Appellee's use of the word "unknown" and the phrase "a non-corporate party" is not accurate. If we omit the word "unknown" and replace the phrase "a non-corporate party" with "defense counsel," as given in the certified question, we

are presented with the question of law the trial court faced: In responding to a Rule 216 request to admit, should the requests be deemed admitted when the denials required by Rule 216 are based not on personal knowledge of the party affiant, but on an investigation conducted by his attorney? The trial court answered the question "yes" and deemed the requests admitted as a sanction for failure to comply with Rule 216. We answer the question "no."

Plaintiff was injured inside Tequila Roadhouse on February 5, 2006, when Diaz punched him in the face. On April 16, 2007, plaintiff filed this action against Club Misty for negligence and violation of the Dramshop Act (235 ILCS 5/6—21 (West 2006)). Plaintiff claimed that Club Misty was negligent for failing to provide adequate security in Tequila Roadhouse and remove Diaz after it became apparent that he posed a threat to other patrons. Plaintiff's Dramshop claim alleged that Club Misty served alcohol to Diaz, who became intoxicated.

On August 28, 2007, plaintiff served Club Misty with a request to admit facts. Club Misty had ceased doing business and was no longer operating the Tequila Roadhouse, which shut down in May 2007. The request sought admission of facts relating to liability. If all facts were admitted, the issue of liability would be resolved in favor of plaintiff.

Club Misty responded on October 9, 2007, denying all requests. The response was signed by Club Misty's president, Matthew Schulte. Schulte was not present at the Tequila Roadhouse on the date of the incident and had no personal knowledge of the matters requested to be admitted. The case proceeded to discovery with Schulte and several former Tequila Roadhouse employees being deposed.

After discovery was completed, plaintiff filed a motion on April 23, 2009, to strike Club Misty's response and deem the requests admitted. Plaintiff claimed that Club Misty's answers failed to comply with Supreme Court Rule 216 (134 Ill. 2d R. 216) because Schulte acknowledged in his deposition testimony that he did not have personal knowledge of the factual circumstances surrounding the incident. Plaintiff argued that Schulte had a good-faith obligation to make a reasonable effort to secure the answers from persons and documents within his control or "[set] forth in detail the reasons why he [could not] truthfully admit or deny those matters." 134 Ill. 2d R. 216. Plaintiff maintained that "Schulte was clearly not in a position to deny or admit any of the items in Plaintiff's request" and was not "free to simply deny all of the factual requests without any basis."

Club Misty responded, arguing that its denials were "in harmony with the purpose of [Rule 216]." Club Misty claimed plaintiff was trying to circumvent the purpose of the rule by having certain allegations admitted and disposing of the case on a technicality rather than a trial

on the merits. Club Misty pointed out that the deposition testimonies of occurrence witnesses confirmed the denials contained in its Rule 216 answer. In the alternative, Club Misty sought leave to modify its answers.

Plaintiff replied, reiterating that Schulte's failure to personally secure answers before responding to plaintiff's requests or disclose why he was unable to provide the answers amounted to a violation of the rule. Plaintiff also argued that there were no grounds for the court to grant Club Misty's request to modify its answers because Club Misty did not explain why it was originally unable to do so.

The trial court entered an order granting plaintiff's motion to strike Club Misty's answers, deeming the facts admitted. Club Misty filed a motion to reconsider that ruling and a motion for Rule 308 certification. In the motion to reconsider, Club Misty claimed that its Rule 216 denials were not based on Schulte's lack of knowledge but on the investigation conducted by its attorney, James L. Hodges. Club Misty maintained that this was in conformity with the law and Rule 216. In support of its argument, Club Misty attached the following affidavit:

"I, James L. Hodges, after being duly sworn on oath, depose and state as follows:

1. I am an attorney, and have been licensed to practice law in Illinois since 2002.

2. In 2007, I was practicing law as an associate with the Firm of L. Barrett Bodach and Assoc., in Chicago. I was the attorney principally responsible for representing Club Misty, Inc., dba Tequila Roadhouse, in this case.

3. I am the attorney that prepared Defendant's Response to Plaintiff's Request to Admit Facts, which was filed with the Clerk of the Circuit Court, and served on counsel, on October 9, 2007.

4. At the time that the Request to Admit was served upon us, [Club Misty] had ceased doing business and was no longer operating the Tequila Roadhouse. The president of the corporation, Matt Schulte, had relocated to Florida.

5. Prior to preparing the Defendant's Response to Plaintiff's Request to Admit Facts, I conducted my own investigation, analysis and legal work in my capacity as attorney for [Club Misty]. My investigation, analysis and legal work included review of the statement of Tequila Roadhouse's former manager Shane Fults (which we produced in response to Plaintiff's Rule 214 Notice), contact with Shane Fults (who signed Defendant's answers to interrogatories), and contact with former Tequila Roadhouse employee Ryan Greenan.

6. As part of my legal work to defend [Club Misty], I caused to be issued a records subpoena to the Chicago Police Department seeking any and all records of the subject incident. The Chicago Police

Department responded by producing 66 pages of documents, and I believe I had those documents in my possession, and had reviewed them, before I drafted the Defendant's Response to Plaintiff's Request to Admit Facts.

7. I also contacted the President of Club Misty, Matt Schulte, as part of my work to prepare Defendant's Response to Plaintiff's Request to Admit Facts. Because Schulte is the president of the corporation, it was my opinion that he would be the proper signatory for that Response, even if he did not have personal knowledge of the facts of the incident.

8. Defendant's denial of the numbered requests for admission contained in Defendant's Response to Plaintiff's Request to Admit Facts was not based on Matt Schulte's lack of personal knowledge as to the facts of the incident.

9. The denial of the numbered requests for admission contained in Defendant's Response to Plaintiff's Request to Admit Facts was based upon my own investigation, analysis and legal work product as set forth above, in my capacity as attorney for [Club Misty]."

In the motion for Rule 308 certification, Club Misty argued that the court's order granting plaintiff's motion to strike and deeming the facts admitted qualified for an immediate appeal under Rule 308 because there is a substantial ground for a difference of opinion about the court's interpretation of Rule 216. The trial court denied Club Misty's motion to reconsider but certified the question for review set out earlier.

Club Misty argues that the knowledge of attorney Hodges was imputed to it under principles of agency law and so it should not be sanctioned for Schulte's lack of personal knowledge when signing the response to plaintiff's request to admit facts. Club Misty claims that Hodges did not rely on Schulte. Instead, Hodges interviewed the former corporate employees who were on duty at the time of the altercation and used this information to answer plaintiff's requests. Club Misty maintains that this was not a violation of the discovery rules.

Plaintiff responds that a corporate party should be sanctioned for answering a discovery request based on information that was obtained from an investigation carried out by a non-corporate party, in this case, Hodges. Plaintiff claims, without citation to authority, that Schulte was required to have personal knowledge of the facts sought to be admitted because it was his responsibility to be aware of the operations of the corporation. Plaintiff maintains "merely hiring an attorney to conduct an investigation of all of the requested informa-

tion does not give an authorized representative of a corporation personal knowledge of the contents discovered by the attorney." In support of this argument, plaintiff relies on the plain language of Rule 216.

Rule 216 reads:

"(c) Admission in the Absence of Denial. Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged ***." 134 Ill. 2d R. 216(c).

Citing *Brookbank v. Olson*, 389 Ill. App. 3d 683, 686, 907 N.E.2d 426 (2009), plaintiff points out that the plain language of the rule requires the party to whom the requests are directed to serve on the requesting party either a sworn statement denying the matters or a written objection which need not be sworn. Here, Club Misty did not make a written objection to the contents of the request. Instead, it filed an answer signed by Schulte denying plaintiff's requests. Plaintiff argues that Schulte had a duty to personally avail himself of the knowledge of Club Misty's employees before verifying the denials in the response.

In *Brookbank*, this court was called on to answer the certified question: whether the trial court has authority to allow only a party's attorney to sign and verify a response to a Rule 216 request to admit facts when the attorney cannot locate the party, *i.e.*, his client. In answering this question in the negative, this court relied on the appellate court decision in *Moy v. Ng*, 341 Ill. App. 3d 984, 793 N.E.2d 919 (2003), and the supreme court decision in *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 875 N.E.2d 1065 (2007). The court in *Brookbank* noted that *Moy* interpreted the plain language of Rule 216 to mean that the rules governing requests to admit require a response by the parties and not by their attorney. *Brookbank*, 389 Ill. App. 3d at 686-87. The supreme court in *Vision Point* overruled *Moy* to the extent it required the party responding to a Rule 216 request to both sign the answer and provide the sworn-to statement. *Vision Point*, 226 Ill. 2d at 355. The supreme court held that the plaintiff's unsigned, verified response by its corporate representative in language tracking section 1—109 of the Code of Civil Procedure (Code) (735 ILCS 5/1—109 (West 2006)) was sufficient to comply with Rule 216. *Vision Point*, 226 Ill. 2d at 355-56.

Here, unlike in *Brookbank*, the party to whom the request was directed was Club Misty, a dissolved corporation whose president could be and was located. Also, unlike in *Brookbank*, the attorney here did not certify the response himself. Rather, he tendered it to the president of Club Misty, who signed the response in his official capacity.

We believe a fair reading of *Vision Point* and section 1—109 of the Code allows for Rule 216 responses to be certified by a person with knowledge of the facts at issue, including the party's attorney. Club Misty did not violate Rule 216 by denying outright plaintiff's requests to admit facts based on information learned by Hodges in the course of his investigation and sworn to by Schulte, its corporate representative. Nothing in the language of Rule 216 prohibits an attorney from conducting an investigation on behalf of his client and instructing his client to base the client's response on that investigation. We believe it is safe to assume that in the overwhelming number of cases where corporate officials respond to Rule 216 requests to admit they rely on attorney guidance. This is especially true where, as here, the client is a dissolved corporation and the attorney "must search the 'corporate memory' by investigating the records available and attempting to ascertain the knowledge of other corporate agents." *Chicago Park District v. Chicago & North Western Transportation Co.*, 240 Ill. App. 3d 839, 865-66, 607 N.E.2d 1300 (1992), citing *Campen v. Executive House Hotel, Inc.*, 105 Ill. App. 3d 576, 587, 434 N.E.2d 511 (1982). Here, Hodges did just that and obtained Schulte's signature swearing to the denials. We believe Club Misty fulfilled its "good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within [its] reasonable control." *Szczeblewski v. Gossett*, 342 Ill. App. 3d 344, 349, 795 N.E.2d 368 (2003). The trial court erred in granting plaintiff's motion to strike Club Misty's response and deem the requests admitted.

We answer the certified question in the negative and reverse the trial court's order granting plaintiff's motion to strike Club Misty's response and deem the requests admitted. We remand this case to the trial court for further proceedings.

Certified question answered; cause remanded.

McBRIDE and R.E. GORDON, JJ., concur.