# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Application of the County Treasurer & ex officio County Collector*,
**2012 IL App (1st) 112897**

---

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Order of Judgment and Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes for the Year 2005 And Prior Years (Z Financial, LLC, Petitioner-Appellee, v. ALSJ, Inc., Respondent-Appellant). |
| District & No. | First District, Third Division<br>Docket No. 1-11-2897 |
| Filed | August 22, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings on a petition for a tax deed, the petitioner's answer to the respondent's request for admission of facts did not comply with Supreme Court Rule 216(c), since the answer was signed by petitioner's counsel, rather than a party, and there was no supporting sworn statement; therefore, the requests to admit had to be considered judicial admissions, the order for the issuance of a tax deed was reversed, and the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-COTD-3329; the Hon. Paul A. Karkula, Judge, presiding. |

| Judgment | Reversed and remanded. |
|---|---|
| Counsel on Appeal | Cortne Anway, of APEX Law Group, P.C., of Chicago, for appellant. |
| | Lynnette Lockwitz and Gregory M. Reiter, both of Reiter Law Offices, Ltd., and Richard D. Glickman, both of Chicago, for appellee. |
| Panel | JUSTICE MURPHY delivered the judgment of the court, with opinion. Presiding Justice Steele and Justice Salone concurred in the judgment and opinion. |

## OPINION

¶ 1    This appeal follows the trial court's August 31, 2011, order directing the issuance of a tax deed to petitioner, Z Financial, LLC, for the subject property, unit A-33 in the 405 North Wabash Avenue parking condominium. Respondent, ALSJ, Inc. (ALSJ), asserts that the trial court erred in granting the petition for tax deed. Additionally, respondent contends that the trial court erred in denying its motion to deem facts admitted and denying its motion for summary judgment. For the following reasons, we find the trial court erred in finding petitioner complied with Illinois Supreme Court Rule 216(c) (eff. May 30, 2008), reverse its order denying respondent's motion to deem facts admitted and remand the matter for further proceedings.

¶ 2                              I. BACKGROUND
¶ 3    The property at issue is unit A-33 in the 405 North Wabash Parking Condominium located at 405 North Wabash Avenue, Chicago, Illinois (property). On June 22, 2007, the Cook County collector sold the property to petitioner for nonpayment of 2005 general taxes. On December 30, 2009, petitioner filed its petition for tax deed. Petitioner noted that the final date of redemption from the tax sale was June 4, 2010; therefore, the notice serving period pursuant to section 22-10 of the Property Tax Code (35 ILCS 200/22-10 (West 2010)) was December 4, 2009, through March 4, 2010. Exhibit B to the petition was a copy of the notice required by law to be sent to all interested parties.

¶ 4    On August 26, 2010, petitioner filed its application for an order directing the county clerk to issue a tax deed for the property. Petitioner listed Strug, LLC (Strug), ALSJ, Austin Bank of Chicago, and "405 N. Wabash Parking Condominium Association," as the parties who were owners, occupants, and parties interested in the property. Of note, "D. Giljen, 405 N. Wabash Ave. #807" is listed as one of the addresses of service for Strug. This name and address are listed for the grantor on the mortgage agreement for the subject parking space,

signed as Daniel Giljen, a/k/a Dragoljub Giljen[1].

¶ 5        The subsequent section of the petition contained a list of the manner and date of service of each of these parties and the address for which that service was effected. As addressed by petitioner, the sheriff's return affidavits of service for this case were originally filed in the incorrect case file. Prior to the hearing on this case, the returns were located, placed in the correct file, and are of record here on appeal.

¶ 6        A tract index search conducted by Five Star Abstracting & Paralegal Services was attached to the petition. The search indicated that the property was deeded to Strug, LLC, in February 2006. A mortgage on the property to ALSJ, Inc., from Strug, LLC, was filed on November 8, 2006. The mortgage attached to the petition to Austin Bank of Chicago from Strug is shown on the search as filed May 16, 2007. Finally, the search indicated that a *lis pendens* action was recorded on October 23, 2009, relating to the mortgage between ALSJ and Strug.

¶ 7        Respondent filed an appearance and objected to petitioner's application. Respondent alleged that there was no sheriff's return filed with the clerk of the court indicating that Strug, the owner of record, was served. Respondent added that the sheriff's return of service indicated that Brian Levay was served as agent for Strug, but he was described as a 50-year-old black male. Respondent attached an affidavit of Robert Nothstein, averring that Levay is a registered agent for Strug, as identified in the Illinois Secretary of State records, but that Strug had been involuntarily dissolved by the Secretary of State and that Levay is a 46-year-old Caucasian male.

¶ 8        Respondent added that Dragoljub Giljen was the member manager of Strug. Moreover, respondent noted that Giljen was listed as the party to receive tax bills for the property, as well as an interested party in the *lis pendens* action, and the signator for Strug in its mortgage with ALSJ. In addition, respondent stated that the address of the subject property was listed inconsistently by petitioner on its section 22-5 notice, on the complaint for foreclosure, and its section 22-10 notices. Accordingly, respondent asserted that petitioner failed to comply with the notice and due diligence requirements of the Property Tax Code and prayed the petition for tax deed be denied.

¶ 9        On November 17, 2010, respondent propounded a request for admission of facts on petitioner. Petitioner filed an answer on December 14, 2010, signed by counsel, Richard Glickman. The answer was without any supporting affidavit swearing to the responses. On January 13, 2011, respondent filed a motion to deem facts admitted for petitioner's attorney's failure to include the required sworn statement per Rule 216(c). On February 25, 2011, the trial court set a briefing schedule as well as a hearing date of April 15, 2011, for respondent's motion.

¶ 10        On March 31, 2011, petitioner filed a "supplemental" answer to petitioner's request to admit. The supplemental answer included a photocopy of the original answer and sworn

---

[1]The spelling of Mr. Giljen's first name differs throughout the record; however, it appears that Mr. Giljen provided the spelling "Dragoljub" below his signature on the mortgage executed between Strug and Austin Bank of Chicago; therefore, we will utilize that spelling.

affidavits from Glickman and Keith Moll, manager of Z Financial, LLC, verifying the responses. Following argument on respondent's motion, the trial court denied the motion. The court found that counsel for petitioner had direct knowledge of the facts. Therefore, it concluded that counsel's affidavit was sufficient to meet the requirements of the rule and it was proper to not have a corporate representative of petitioner verify the contents. A briefing schedule was set for respondent's motion for summary judgment.

¶ 11    Respondent asserted that petitioner violated the notice requirements of the Property Tax Code by failing to serve or provide proof of service of notice by the sheriff on ALSJ, Austin Bank of Chicago, and 405 N. Wabash Parking Condominium Association. Respondent also alleged that petitioner failed to provide proof of service of the Cook County clerk. Next, respondent asserted that petitioner filed to identify, provide notice to and serve Dragoljub Giljen as an interested party and occupant of the property. Respondent contended that petitioner failed to provide complete and consistent addresses in its section 22-5, section 22-10, and section 22-25 notices. Finally, respondent asserted that petitioner failed to provide proper proof of service on the owner of the property, Strug, because service on Brian Levay was indicated by the sheriff to be on a black male and Levay is a white male.

¶ 12    The trial court found that there were contested issues of fact and set the case for a hearing. At the hearing, Keith Moll testified that he was office manager for petitioner and inspected the property. Moll testified that he identified the property address and unit from a Sidwell map and documents from the assessor's office. Moll testified that he went to the building on December 28, 2009, and found that the entrance to the garage was blocked by garage doors. When Moll talked with the guard at the service desk, he was denied access. He did not return to the site to try to gain access. Moll memorialized this in his notes on his inspection sheet report, which was entered into evidence.

¶ 13    Colin Luce, a clerk with the Cook County sheriff's office, testified that he was responsible for "pinning" the tax deed work that came into the office. This included receiving take notices, printing and organizing sheriff's affidavits, completing computer filings, and speaking with attorneys concerning case problems. Luce testified that a sheriff's number is attributed to each individual case and documentation is organized via computers utilizing this number. In the event an incorrect number is entered, the office could fix the issue–but a notation would not be made if a correction was made. Luce testified to the affidavits in the file for the instant matter and stated that the sheriff's office follows the assumption that the court case numbers are properly indicated on the forms. Luce also testified to two affidavits for service on Brian Levay, one indicating that he was a black male and one indicating that he was a white male.

¶ 14    Richard Glickman, counsel for petitioner, testified next that he had been practicing in the area of tax deeds for 30 to 35 years. Glickman testified that he prepared an application for an order to direct the county clerk to issue a tax deed and filed the case on December 30, 2009. In determining who was to receive a take notice, Glickman had Moll order a tract search for the property and do a physical search of the property. Glickman also searched the recorder's office for any recordings against the property and reviewed various site and Web site searches to determine the parties to serve.

¶ 15 Glickman testified that two mortgages were found for the property. Strug was identified as the owner of the property with Brian Levay as its agent for service. Dragoljub Giljen, also known as Dan Giljen, was identified as a member of Strug and had a listed address at the condominium complex where the property at issue is located. Approximately 12 to 13 take notices were prepared and copied and given to the sheriff for service. After the initial service attempts, Glickman checked with the sheriff's office to ascertain if service was effectuated and attempted to re-serve parties that were not served in February and March 2010. He indicated that he could only find the two addresses for Giljen and attempted service at those addresses.

¶ 16 On cross-examination, Glickman stated that the notice period was from December 4, 2009, through March 4, 2010. He indicated that he did not review the complaint for foreclosure of mortgage against Dragoljub Giljen. Glickman admitted that Giljen was listed as personally liable for the deficiency on the property and whose right to possess was sought to be terminated.

¶ 17 Respondent called Shirley Vesey to testify. Vesey testified that she is the facility manager for the parking garage where the property is located. She testified that during the notice period, Giljen was occupying the subject property and that he resided in unit 3504 of the building. Vesey testified that to get into the garage, a person needs a key for the door to the lobby or a key card to enter through the garage door entrance for vehicles.

¶ 18 Following closing arguments, the court took the matter under advisement. On August 4, 2011, the trial court entered an order finding that petitioner strictly complied with the requirements of the Property Tax Code. On August 31, 2011, following petitioner's presentment of the report of proceedings and proof of payment of property taxes, the trial court entered an order directing the county clerk to issue a tax deed. This appeal followed.

¶ 19                                   II. ANALYSIS
¶ 20                             Supreme Court Rule 216
¶ 21 Respondent asserts that the trial court erred in failing to grant its motion to deem facts admitted for petitioner's failure to include a verified statement by a company representative with its answer pursuant to Illinois Supreme Court Rule 216. Respondent asserts that the standard of review for this issue is *de novo*, citing to the standard of review for summary judgment issues. When considering the construction of a supreme court rule, we follow the same standard as for statutes and our review is *de novo*. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 342 (2007). However, requests for admission are part of the discovery process; therefore, we review a trial court's decision concerning the course and conduct of the pretrial discovery process for an abuse of discretion. *Id.* at 345-47.

¶ 22 Rule 216 states, in pertinent part:
   "(c) Admission in the Absence of Denial. Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he

cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission. If good faith requires that a party deny only a part, or requires qualification, of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder. Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request." Ill. S. Ct. R. 216(c) (eff. May 30, 2008).

¶ 23 Respondent notes that our supreme court rules are not aspirational but have the force of law. *Bright v. Dicke*, 166 Ill. 2d 204 (1995). Citing to this court's decision in *Brookbank v. Olson*, 389 Ill. App. 3d 683 (2009), respondent argues that the rule clearly requires that the party provide the sworn-to verification of its response to requests to admit. Respondent notes that the *Brookbank* court highlighted that *Vision Point* and *Moy v. Ng*, 341 Ill. App. 3d 984 (2003), stand for the requirement that a corporate representative must provide the sworn statement required by rule. Respondent adds that petitioner's attempt to cure this failure through its supplemental answer was not only untimely, but improperly filed. As a result, it concludes that this court must reverse the trial court's order and the facts contained within the request to admit should be considered admissions by petitioner.

¶ 24 Petitioner argues that the trial court ruling was proper because it is vested with broad discretionary power over the discovery process. It contends that the requests sought by respondent were matters within the direct knowledge of counsel who performed the necessary due diligence to serve parties in this case. Further, when apprised of the procedural defect, counsel secured and filed an affidavit from a company representative. Petitioner argues that this precise scenario was envisioned by this court when it stated that in responding to Rule 216 requests it is safe to assume that an overwhelming number of cases involve corporate officials relying on attorney guidance, including having the attorney conduct investigations. *Skotticelli v. Club Misty, Inc.*, 406 Ill. App. 3d 958, 964 (2010). Accordingly, the *Skotticelli* court answered in the negative the certified question of whether a denial under Rule 216 must be admitted when not based on the personal knowledge of the party affiant, but on an investigation conducted by his attorney. *Id.* at 960.

¶ 25 Petitioner argues that the same logic followed by the *Skotticelli* court applies here because the information sought by respondent in its requests was all directly related to counsel's actions and investigations. Accordingly, it maintains that the denials should stand, especially considering that counsel later provided the affidavit of a corporate representative affirming the responses. Petitioner adds that respondent's reliance on *Brookbank* is misplaced because that case involved the distinguishable scenario where the defendant could not be found, because in this case, Z Financial simply adopted the answers of counsel. Further, petitioner contends that even if the trial court erred, it was harmless error because the facts sought to be admitted by respondent were not material facts affecting compliance with the Property Tax Code.

¶ 26 Unfortunately, respondent failed to provide any reply to petitioner's arguments on this

issue. Despite respondent's failure, we agree that the trial court erred in denying its motion to deem facts admitted. Case law on this issue is not on all fours with the facts of this case and can be distinguished from the instant matter. However, the analysis from these cases, particularly that provided by the *Brookbank* court, leads us to the conclusion that petitioner's failure to provide the sworn statement of a party within the required 28 days was fatal.

¶ 27        While a part of the discovery process, the purpose of Rule 216 is not to discover, but to establish material facts that do not require formal proof at trial. This procedure allows for a more streamlined and efficient case where disputed issues may be clearly and succinctly presented. *Vision Point*, 226 Ill. 2d at 345-46. The requirements of Rule 216, particularly providing a timely sworn response, must be strictly complied with, and the failure to comply will result in a judicial admission that is considered incontrovertible, withdrawing that fact from contention. *Tires 'N Tracks, Inc. v. Dominic Fiordirosa Construction Co.*, 331 Ill. App. 3d 87, 91 (2002). Although the *Vision Point* court noted that the cases analyzing Rule 216 have developed the "unduly harsh" strict compliance rule that does not forgive mistake, inadvertence, or attorney neglect, a party may receive an extension to file pursuant to Supreme Court Rule 183 if good cause can be shown for the delay. *Vision Point*, 226 Ill. 2d at 349-52. However, as respondent points out, petitioner did not file a motion pursuant to Rule 183 in this case, but simply filed its supplemental answer. Therefore we only consider whether counsel may file a response to a request to admit without a party swearing to the response.

¶ 28        Both *Brookbank* and *Skotticelli* followed the *Vision Point* decision and both involved certified questions. In *Brookbank*, the plaintiff served a request to admit on the defendant and defendant's counsel filed a timely response objecting to the requests and stating that he could not admit or deny the requests because he was unable to locate or contact the defendant. *Brookbank*, 389 Ill. App. 3d at 684. The plaintiff moved to strike the response and have matters admitted, but the trial court denied the motion, granting defense counsel leave to serve an amended response certified by counsel only. *Id.* at 685. Following mandatory arbitration, the plaintiff renewed the motion to strike the defendant's response. The trial court again denied the motion, but certified the following question for this court's review:

        " 'Whether the trial court has authority to allow only a party's attorney to sign and verify a [r]esponse to a Rule 216 [r]equest to [a]dmit facts, when the attorney cannot locate the party, i.e., his client.' " *Id.* at 684.

¶ 29        In answering the question, this court provided a comprehensive review of our courts' treatment of Rule 216. The court noted that this court had considered the verification question in *Moy v. Ng*, 341 Ill. App. 3d 984, 989 (2003), holding that although counsel may respond to pleadings on behalf of a party, Rule 216 required response by the parties and not counsel. *Brookbank*, 389 Ill. App. 3d at 686. The *Brookbank* court noted that the *Vision Point* court clarified *Moy*, holding that the party's verification was sufficient and a lack of signature from the party on the response was not fatal. *Id.* The court then noted that both *Moy* and *Vision Point* stand for the proposition that a party or corporate representative of a corporate party must provide the sworn-to denial of a request to admit under the rule. *Id.* at 686-87. Furthermore, analyzing the plain language of the rule as well as support from review of similar cases and rules from foreign and federal jurisdictions, the court found confirmation

of this conclusion. *Id.* at 687. In particular, the court noted that following the 1970 amendment to Rule 36 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 36), which eliminated the similar requirement that a party swear to a response, our supreme court has chosen not to alter Rule 216 in this way. *Brookbank*, 389 Ill. App. 3d at 687.

¶ 30        Following this analysis, the *Brookbank* court considered the certified question before it. It noted that Rule 183 grants discretion to the trial court to allow an extension of time to file, but does not provide any discretion to alter the procedural framework of Rule 216. This necessarily precludes allowing counsel to provide the sworn-to denial, because "[w]ithout any client contact, there is no indication by counsel's sworn statement that the responding party has adopted or substantiated the answers provided or even authorized the attorney to enter a denial." *Id.* at 688. Accordingly, the court answered the certified question in the negative.

¶ 31        In *Skotticelli*, this court considered the following certified question:

        " 'Where a trial court finds that a corporate defendant denied a request to admit, based on the lack of knowledge of the subject requests on the part of the corporate president, and the corporate president's lack of any of the investigation or inquiry on his own part, and where the corporation is out of business and had no employees at the time the requests were propounded, and the corporation asserts that its denials of the requests to admit were based on information learned by defense counsel from interviewing the prior employees of the corporation, can the trial court properly strike the corporation['s] denials of the requests to admit and deem the request to be admitted?' " *Skotticelli*, 406 Ill. App. 3d at 959.

¶ 32        In *Skotticelli*, the defendant corporation had ceased doing business and was no longer operating the business where the plaintiff sustained his injuries. Counsel prepared a response to the plaintiff's requests to admit denying all requests with the president of the defendant corporation at the time of the incident, Matthew Schulte, signing the response. The plaintiff moved to strike the response and deem the requests admitted. The plaintiff argued that Schulte had admitted that he had no personal knowledge of the factual circumstances surrounding the incident at issue and therefore violated the rule. *Id.* at 960. The trial court granted the motion and subsequently certified the above question.

¶ 33        The *Skotticelli* court distinguished *Brookbank* based on the fact that a representative of the dissolved defendant corporation in *Brookbank* could be and was located. Furthermore, unlike in *Brookbank*, the attorney did not certify the response, but Schulte signed the response in his official capacity as the president of the dissolved corporation. *Id.* at 963-64. Therefore, the court stated that a fair reading of *Vision Point* and section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2006)) "allows for Rule 216 responses to be certified by a person with knowledge of the facts at issue, including the party's attorney." *Skotticelli*, 406 Ill. App. 3d at 964.

¶ 34        The court continued to state that it is not a violation of Rule 216 for counsel to perform an investigation on behalf of his client or for a client to deny a request based on information learned by counsel. The court found that this was "especially true" for the specific scenario in *Skotticelli*, where the client was a dissolved corporation. *Id.* Therefore, the court answered

the certified question in the negative. *Id.*

¶ 35    We find that there is no reason to depart from the sound analysis provided by the *Brookbank* court in this case. Petitioner's attempts to distinguish *Brookbank* and bolster the language of *Skotticelli* are unavailing. While the *Skotticelli* court does state that Rule 216 allows for responses to be certified by a person with knowledge of the facts at issue, including an attorney, this statement is *dicta*. The court ultimately only decided the issue of whether a party may deny a request based on its attorney's investigation. Petitioner claims that counsel's knowledge base was directly related to the requests sought and the supplemental affidavit provided simply affirmed counsel's original answer. The fact remains that no affidavit was timely filed as required by the rule.

¶ 36    Petitioner also argues that this matter is distinguishable from *Brookbank* because the supplemental response simply affirmed counsel's filing. This argument also fails. *Brookbank* clearly holds that a party must provide timely sworn-to affidavits, not counsel, and our supreme court has specifically considered and affirmed this provision. Absent a Rule 183 motion and showing of good cause, a party failing to strictly comply with the rule faces the "unduly harsh" consequence of having all responses deemed admitted.

¶ 37    Because of this harsh consequence, petitioner's unsupported claim that this court may consider the court's error harmless is rejected. Petitioner asserts that some matters are not material facts affecting compliance and some are in contradiction to notices and references filed in its application and attached exhibits. However, as addressed above, failure to comply with Rule 216 will result in a judicial admission that is considered incontrovertible, withdrawing that fact from contention. Accordingly, the requests to admit are now considered incontrovertible judicial admissions and it is for the trier of fact to consider the effect on the credibility of witnesses at trial and whether petitioner met the due diligence and statutory requirements of the Property Tax Code.

¶ 38                                III. CONCLUSION

¶ 39    For the foregoing reasons, the judgment of the trial court is reversed and the matter remanded for further proceedings.

¶ 40    Reversed and remanded.