(No. 77300

JOAN BRIGHT, Appellee, v. FAITH DICKE *et al.* (Faith Dicke, Appellant).

*Opinion filed March 23, 1995.*

Eugene P. Daugherity, of Myers, Daugherity, Berry & O'Conor, Ltd., of Ottawa, for appellant.

Hupp, Lanuti, Irion & Martin, P.C., of Ottawa (George C. Hupp, Jr., of counsel), for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The issue in this case is whether a circuit court may permit a party to respond to a request for the admission of facts or the genuineness of documents once the 28-day time limit specified by Rule 216(c) (134 Ill. 2d R. 216(c)) has expired. For the reasons that follow, we hold that the court may allow an untimely response where the delinquent party has shown good cause for the delay in accordance with Rule 183 (134 Ill. 2d R. 183). Because no good cause was shown here, permission to make a late response was properly denied. The circuit court's order denying such permission and the judgment of the appellate court affirming the circuit court's order are therefore affirmed.

The dispute before us arose in the context of litiga-

tion over administration of a trust. Joan Bright, a beneficiary of the trust, brought an action in the circuit court of La Salle County alleging that Faith Dicke, one of the original trustees, had breached her fiduciary duty and violated the terms of a settlement agreement. During the course of discovery, Bright served a request on Dicke pursuant to Rule 216 (134 Ill. 2d R. 216) asking that she admit the truth of various facts and the genuineness of certain documents.

Dicke was served with the request on May 13, 1993, but did not respond until June 14, 1993, which was beyond the 28-day deadline set forth in Rule 216(c) (134 Ill. 2d R. 216(c)). On that date she filed an unsigned response with the clerk of the circuit court. When Bright objected that Dicke's response was untimely and unverified, Dicke moved for leave to file a properly sworn response out of time.

In support of her motion, Dicke presented a chronology of events pertaining to her response. She offered no explanation, however, as to why the 28-day deadline was not met or why the document eventually filed with the circuit court was not signed by her under oath. Dicke's position was simply that the court should grant her motion because the requested admissions relate to central issues in the case and allowing her to make an untimely response would not prejudice Bright.

Following a hearing, the circuit court denied Dicke's motion. Although the court's order was interlocutory and not otherwise appealable, the court made a written finding pursuant to Rule 308(a) (134 Ill. 2d R. 308(a)) that the order involved a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The specific question of law identified by the circuit court was

"[w]hether the trial court has discretion to allow a party to file a response to a Supreme Court Rule 216 Request for Admission after the 28-day period specified in Rule 216 has expired."

On Dicke's application, the appellate court allowed an appeal from the circuit court's order and affirmed. (260 Ill. App. 3d 768.) Rejecting the notion that the 28-day deadline is absolute and inflexible, the court held that under Rule 183 (134 Ill. 2d R. 183), a trial judge has discretion to allow a late response to a request to admit where the delinquent party has shown good cause for the delay. The court further held that the trial court cannot be said to have abused its discretion here because the only reason advanced by Dicke in support of her request was lack of prejudice, and, under *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, lack of prejudice does not constitute good cause.

We granted Dicke's petition for leave to appeal from the appellate court's judgment (145 Ill. 2d R. 315), and the case is now before us for review. Before reaching the merits, we first note that the question of law identified by the circuit court is flawed. That question speaks in terms of whether the circuit court may allow a party to *file* a response to a request to admit beyond Rule 216(c)'s 28-day limit. Under Rule 216(c), however, filing is not the operative event.

Unlike Rule 213(c) (134 Ill. 2d R. 213(c)), which governs answers and objections to interrogatories, Rule 216(c) only requires that responses to requests for admissions be *served* on the opposing party within the specified time period. When a response is filed with the court is irrelevant. Indeed, filing is not even necessary under the rule. The only purpose it serves is to help document when a responding party has acted within the rule's time limits.

Because service, rather than filing, is what matters under Rule 216(c), the issue here is not whether the

court can allow late filing of a response to a request to admit, as the trial judge supposed. It is, instead, whether the court can allow a party to make late *service* of such a response. The answer to this question is yes. Our Rule 183 expressly provides that the court,

> "for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." (134 Ill. 2d R. 183.)

As a number of appellate court decisions have correctly recognized (see, *e.g.*, *Sims v. City of Alton* (1988), 172 Ill. App. 3d 694, 698; *Kismer v. Antonovich* (1986), 148 Ill. App. 3d 508, 510), and as the appellate court properly concluded here (260 Ill. App. 3d at 770-71), this rule is applicable to the 28-day time limit set forth in Rule 216(c). We note, moreover, that a request for admissions is essentially a discovery tool. (See *Homer G. Dickson & Co. v. Barraza* (1983), 115 Ill. App. 3d 5, 7.) To hold that a circuit court cannot grant parties additional time to respond would therefore not only conflict with the plain language of Rule 183, it would also be inconsistent with our view that circuit courts must be allowed to exercise discretion over the conduct of pretrial discovery. See, *e.g.*, *Sohaey v. Van Cura* (1994), 158 Ill. 2d 375, 380-83.

This conclusion is sufficient to answer the specific question of law identified by the circuit court. The scope of our review, however, is not limited to determining how the circuit court's question should be decided. When this court accepts an appeal involving a question of law identified under Rule 308, interests of judicial economy and the need to reach an equitable result oblige us to go beyond the question of law presented and consider the propriety of the order that gave rise to the appeal. *Boyd v. Travelers Insurance Co.* (1995), 166 Ill. 2d 188, 193–94; *Schrock v. Shoemaker* (1994), 159 Ill. 2d 533, 537.

As noted at the outset of this opinion, this appeal is

based on the circuit court's order denying Dicke leave to make a late response to Bright's request for admission of facts and genuineness of documents. That order was entirely proper. Although Rule 183 does give judges discretion to allow responses to be served beyond the 28-day time limit, that discretion does not come into play under the rule unless the responding party can first show good cause for the extension. (*Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 95-97.) Dicke made no such showing here. Her claim for relief is based solely on the argument that an untimely response would not harm Bright.

In support of her position, Dicke cites the appellate court opinion in *Smoot v. Knott* (1990), 200 Ill. App. 3d 1082. There, the court held that absent prejudice to the party making the request to admit, the responding party should generally be permitted to make a late response. In the view of the *Smoot* court, the issue of good cause under Rule 183 should be considered only if the requesting party can show that allowing the late response would result in prejudice. *Smoot*, 200 Ill. App. 3d at 1098-99.

The problem with this approach is that it cannot be squared with the plain language of Rule 183. As we have just discussed, that rule specifically makes good cause a prerequisite for relief. What the appellate court in this case recognized, but the court in *Smoot* overlooked, is that our court has expressly held that the mere absence of inconvenience or prejudice to the opposing party is not sufficient to establish good cause under Rule 183 and the companion provision of the Code of Civil Procedure (735 ILCS 5/2—1007 (West 1992)). The moving party must assert some independent ground for why his untimely response should be allowed. *Hernandez*, 73 Ill. 2d at 96; *Greene*, 73 Ill. 2d at 107.

The *Smoot* approach is also flawed because it re-

verses the burden of proof. The general rule is that during the progress of an action, the movant bears the burden of sustaining the grounds of his motion. (See *People v. Smith* (1993), 248 Ill. App. 3d 351, 358.) *Smoot*, however, would place the burden on the nonmoving party to show why the motion should not be granted. If the nonmoving party, *i.e.*, the party making the request to admit, could not prove that an untimely response would prejudice him, *Smoot* would allow the response to be made. *Smoot*, 200 Ill. App. 3d at 1098-99.

We see nothing unique about requests for leave to file untimely responses to requests for admissions that would justify such unprecedented treatment. Contrary to the view taken in *Smoot*, the party opposing such a motion should be under no obligation to show anything. Under Rule 183, the general rule pertains: the burden of establishing grounds for relief is on the party requesting the additional time. To hold otherwise would be tantamount to saying that litigants are free to disregard our rules so long as the opposing side cannot show harm. Such an approach is wholly unacceptable. Nonmoving parties such as Bright should not be required to justify application of a rule before it will be given effect. The rules of court we have promulgated are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*