TIRES 'N TRACKS, INC., Plaintiff and Counterdefendant-Appellee, v. DOMINIC FIORDIROSA CONSTRUCTION COMPANY, INC., Defendant and Counterplaintiff-Appellant (The City of Wheaton, Defendant).

Second District   No. 2—01—0707

Opinion filed June 11, 2002.

John J. Foley and Daniel J. Schairbaum, both of Maurides & Foley, L.L.C., of Chicago, for appellant.

James M. Dash and Marlaine J. McVisk, both of Much Shelist Freed Denenberg Ament & Rubenstein, of Chicago, for appellee.

JUSTICE BYRNE delivered the opinion of the court:

In July 2000, plaintiff and counterdefendant, Tires 'N Tracks, Inc., filed a verified complaint against defendant and counterplaintiff, Dominic Fiordirosa Construction Company, Inc. (Fiordirosa or defendant), and defendant, the City of Wheaton (the City). Count I alleged breach of contract on the part of Fiordirosa and sought a judgment of at least $15,750 plus interest for its failure to pay for certain work done by plaintiff in installing a water main as part of a water system improvement project. Count II sought an accounting and the foreclosure of a lien on funds due to defendant from the City. The City is a stakeholder in this suit. Plaintiff was a subcontractor on the project, and defendant was the general contractor. In defendant's verified answer to plaintiff's allegation that plaintiff had performed all conditions required to be performed under the subcontract, defendant generally denied the allegation without stating any facts showing how plaintiff had failed to perform.

On October 12, 2000, defendant filed its unverified counterclaim, alleging that plaintiff had breached the contract because certain joint connections on the water main had leaked. Defendant alleged that it notified plaintiff of its intent to repair the defective joints at plaintiff's cost and requested plaintiff to sign a copy of the correspondence as an

indication of plaintiff's agreement to the proposed course of action. Attached to the counterclaim was a copy of a letter presumably signed by a representative of plaintiff agreeing to pay for the cost of the repairs on a time and material basis. Defendant alleged that the repairs cost $29,604.60 and sought compensation for them. The trial court ultimately entered summary judgment for plaintiff on count I of its complaint and against defendant on its counterclaim. The court entered a finding that there was no just reason to delay enforcement or appeal (see 155 Ill. 2d R. 304(a)). Defendant timely appeals following the denial of its postjudgment motions. For reasons that we shall explain, we affirm the judgment.

On September 19, 2000, plaintiff served defendant with a set of 11 requests to admit facts (collectively, the request to admit) pursuant to Supreme Court Rule 216(c) (134 Ill. 2d R. 216(c)). Under Rule 216(c), each matter of fact of which admission is requested is admitted unless, within 28 days after the service of the request, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or that the request is otherwise improper in whole or in part. 134 Ill. 2d R. 216(c).

On September 29, 2000, defendant served plaintiff objections to 3 of the 11 requests (Nos. 3, 4, and 5) and unsworn answers to, or denials of, the remaining 8 requests. If defendant failed properly to deny the requests to admit, then certain relevant facts would be admitted as true for purposes of entering summary judgment in favor of plaintiff. Under the rule, defendant is deemed to have admitted the facts in the following numbered requests to admit as summarized here: (No. 1) defendant entered into the subcontract with plaintiff to install the water main; (No. 2) the amount to be paid for the work was a per-unit price; (No. 6) "As of the present date, taking into account all credits, Fiordirosa owes Tires 'N Tracks at least $15,750 for its work pursuant to the Subcontract"; (No. 7) despite a demand for payment, defendant has failed and refused to pay for the work performed by plaintiff; (No. 8) the City is holding funds in excess of $15,750 due but unpaid to defendant under the contract between defendant and the City; (No. 9) on or about April 7, 2000, plaintiff served notice of its claim on the City by certified mail; (No. 10) plaintiff also served a copy of the notice of its claim on defendant by certified mail; and (No. 11) this suit was commenced within 90 days after service of such notice.

On January 29, 2001, well after the 28-day period for responding

had elapsed, plaintiff served its motion for summary judgment predicated in part on defendant's failure to serve timely sworn denials of 8 of the 11 requests to admit; the motion was filed on January 31, 2001. On January 30, 2001, defendant served an "Emergency Motion for Leave to Amend Answers to Request to Admit." This motion was filed January 31, 2001. However, no "good cause" was asserted for the failure of defendant to provide timely sworn denials. Defendant merely asserted that allowing it to attach a verification to its responses would result in nothing more than a "re-verification or reaffirmation" of its verified answers to plaintiff's complaint; that plaintiff would not be prejudiced; and that defendant's prior verified answer to the complaint should not be deemed a nullity. The trial court denied defendant's emergency motion without prejudice on January 31, apparently because no "good cause" had been shown for the delay.

On February 9, 2001, defendant also filed a motion for leave to file its response to the request to admit *nunc pro tunc* September 19, 2000. Again, defendant failed to assert "good cause" for extending the time to respond. Instead, defendant merely argued that since its attorney signed the original response, this satisfied the requirement of providing a sworn statement under Rule 216(c). The court allowed defendant to file the response (but not *nunc pro tunc*) on February 15, 2001, without ruling on its efficacy.

On April 5, 2001, after a hearing, the trial court entered judgment in favor of plaintiff on count I for breach of contract and also entered judgment against defendant on its counterclaim seeking payment of its claim based on the same subcontract.

On April 11, 2001, defendant filed a motion to reconsider and vacate the judgment. Defendant also sought leave to file an amended, verified counterclaim. In its motion to reconsider, defendant argued, *inter alia*, that the court erred in requiring "good cause" to be shown in order for defendant to "amend" its response to the request to admit. Defendant characterized its response as a "pleading" subject to amendment under section 2—616(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2—616(a) (West 2000)).

In defendant's motion to file an amended counterclaim, defendant claimed that it erred in alleging previously that it had been damaged as a result of plaintiff's breach of the "subcontract." Defendant was now asserting that it was damaged as a result of plaintiff's breach of an agreement represented by the letter previously attached to the counterclaim. This argument had been rejected by the court in ruling on the motion for summary judgment. In granting summary judgment, the court determined that the letter merely represented a claim arising out of the same contract—the subcontract.

On appeal, defendant argues that (1) plaintiff's failure promptly to seek a hearing on defendant's objections or deficient responses to the request to admit has resulted in the waiver of plaintiff's right to have the facts deemed admitted; (2) a genuine issue of material fact exists regarding whether plaintiff performed all of the conditions of its contract, which precludes the entry of summary judgment; (3) a showing of good cause is not required for the trial court to allow amendment of the denials to the request to admit; and (4) the court abused its discretion in denying defendant leave to file an amended, verified counterclaim.

We consider together whether plaintiff was required to seek promptly a hearing on defendant's objections or deficient denials to the request to admit and whether defendant was required to show good cause to "amend" its answers after the 28-day period for responses had elapsed.

■ The failure to file a timely response to a request to admit facts—including the "ultimate" facts of a case—in accordance with the requirements of Rule 216(c) results in the admission of those facts. 134 Ill. 2d R. 216(c); *People v. Mindham*, 253 Ill. App. 3d 792, 797 (1993) (effect of ignoring request to admit is that matters contained in request automatically stand admitted); see generally *Bright v. Dicke*, 166 Ill. 2d 204 (1995). A response denying the facts that is neither timely nor sworn fails to comply with the rule. *Johannsen v. General Foods Corp.*, 146 Ill. App. 3d 296, 300 (1986). An admission pursuant to a request to admit operates as a judicial admission that is considered incontrovertible and has the effect of withdrawing a fact from contention. *Mindham*, 253 Ill. App. 3d at 797.

In *Bright*, our supreme court appears to have required strict compliance with the rule absent a showing of good cause for the delay in complying. There, the defendant's response to the plaintiff's request to admit was untimely and unsworn. The defendant moved for leave to file a properly sworn response out of time, but she offered no explanation why the deadline was not met or why the document was not signed under oath. The trial court denied her motion. On appeal, the supreme court held that, although a court has the discretion to allow responses to be served beyond the 28-day limit, that discretion does not come into play unless the responding party can first show good cause for the extension of time. *Bright*, 166 Ill. 2d at 209. The court explained that it is the responding party who has the burden of showing good cause, and the requesting party has no obligation to show that an untimely response would be prejudicial. Indeed, the court stated that the opposing party "should be under no obligation to show anything." *Bright*, 166 Ill. 2d at 210. The court further stated

that the nonmoving party "should not be required to justify application of a rule before it will be given effect" and the presumption must be that supreme court rules "will be obeyed and enforced as written." *Bright*, 166 Ill. 2d at 210.

In *Hubeny v. Chairse*, 305 Ill. App. 3d 1038 (1999), a personal injury case, the defendants timely responded to a request to admit certain facts regarding negligent conduct on the part of defendant Chairse. However, the defendants failed to submit sworn statements specifically denying these matters as required by Rule 216(c). In response to the plaintiffs' motion, the trial court ruled that the allegations of fact were deemed admitted. The trial court then found that Chairse was negligent based on the facts deemed admitted. On appeal, this court concluded that the defendant was bound by her failure to respond properly to a request for admission even though the admission contained "ultimate" facts showing she was negligent. We believe that the above-cited cases stand for the proposition that the rule will be strictly enforced and a party that fails to respond in compliance with the rule's requirements does so at its own peril.

Defendant attempts to avoid the requirements of the rule by arguing that the trial court erred in not requiring plaintiff to object promptly by motion to defendant's failure to respond properly. In support of its argument, defendant cites the last sentence of Rule 216(c): "Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request." 134 Ill. 2d R. 216(c). Defendant relies, for example, on *La Salle National Bank of Chicago v. Akande*, 235 Ill. App. 3d 53, 67 (1992). In *Akande*, in response to a request to admit, the defense attorney wrote a letter suggesting that the use of Rule 216(c) under the particular circumstance was an abuse of the discovery process. The trial court found that the defendant failed to object properly to the request to admit and deemed the factual matters admitted. The issue before the reviewing court was whether, in responding to the plaintiffs' request to admit, defense counsel's letter was an improper *objection* and thus determinative of whether the facts set forth in the request were properly deemed admitted. Based on the last sentence in Rule 216(c), this court determined that the use of the letter was not procedurally fatal to the defendant because, under the circumstances, the plaintiffs had a concomitant duty to raise the issue of the objection in a motion before the trial court pursuant to the last sentence found in Rule 216(c).

The *Akande* court found that the letter evinced a willingness of the defendant to respond once the objection was addressed and resolved. The court believed that the trial court had broad discretion

to allow late filings where it could prevent injustice or where the requesting party could not show prejudice. The court's concern was that the defendant did not have a sufficient opportunity to correct the error.

*Akande* is distinguishable in that an *objection* was at issue, and the timeliness of the response was specifically not at issue. Furthermore, the principle that the requesting party must show prejudice is no longer valid under the stricter application of the rule as explained in *Bright*. Under *Bright*, it is the responding party that must show good cause for the delay.

Defendant also cites another older case, *Redmond v. Central Community Hospital*, 65 Ill. App. 3d 669 (1978). *Redmond* is also distinguishable. There, the trial court granted the plaintiff leave to submit a late response to the defendant's request to admit and the defendant failed to object. On appeal, the defendant was found to have waived the issue of the untimely response. A similar result was reached in *Vulcan Metals Products, Inc. v. Schultz*, 180 Ill. App. 3d 67 (1989) (having failed to object to untimely response to request, plaintiff waived issue on appeal).

We adhere to the strict application of the rule under *Bright*. It was defendant's duty to provide timely, sworn denials in response to plaintiff's request to admit. Plaintiff apparently did not have reason to object to the deficiencies in defendant's response but did place the response in issue by filing its motion for summary judgment. In *P.R.S. International, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 239 (1998), the plaintiff offered no reason for its failure to respond to a request to admit though it attempted to tender responses at the hearing on the defendant's motion to deem the facts admitted. The trial court found no good cause for the plaintiff's untimely response and subsequently granted the defendant's motion for summary judgment. On appeal, the supreme court held that, while requests to admit may not include legal conclusions, they may include questions of ultimate fact that may give rise to a grant of summary judgment, and the court affirmed the trial court's judgment.

■ Here, when plaintiff moved for summary judgment, defendant moved. to "amend" its answers to the request to admit but never offered good cause why it should be allowed to do so. The trial court initially denied defendant's motion without prejudice. Defendant, through its counsel, has steadfastly refused to show good cause for its failure to provide sworn responses even when given the opportunity to do so. Defendant still maintains on appeal that good cause need not be shown despite a clear ruling from our supreme court in *Bright*. Under the circumstances, we see no reason why plaintiff should have made a

motion specifically to point out the deficiencies in defendant's responses. Defendant's unsworn denials are ineffective. Furthermore, we do not believe defendant can circumvent Rule 216(c)—as strictly construed by our supreme court in *Bright*—under the guise of "amending" its responses. We conclude that plaintiff did not waive its right to have the facts in its request deemed admitted and that defendant, through its own fault, has failed to show good cause why it should have been allowed additional time to submit properly sworn denials.

■ Defendant next argues that its objection to request No. 5 ("Tires 'N Tracks performed all conditions on its part required to be performed under the Subcontract"), on the basis that it is a conclusion of law, precludes summary judgment. Plaintiff does not dispute that an objection need not be sworn and that it need only be in writing. In paragraph No. 11 of its verified complaint, plaintiff stated that it performed all conditions required to be performed under the subcontract. In its verified answer, defendant denied the matter without stating any facts showing wherein there was a failure to perform. Furthermore, defendant's counterclaim alleging that plaintiff breached the subcontract is unverified. To effectively raise an issue concerning a condition precedent to a contract, specific facts should be alleged in the answer to a plaintiff's complaint for breach of contract. A general denial of the performance of the conditions of a contract without allegations of such specific facts results in a waiver of the issue. *Cushman & Wakefield of Illinois, Inc. v. Northbrook 500 Ltd. Partnership*, 112 Ill. App. 3d 951, 960 (1983). Otherwise stated, a general denial to an allegation of the performance of a condition precedent in a contract is treated as an admission of performance. *Wilbur v. Potpora*, 123 Ill. App. 3d 166, 171 (1984); see also 134 Ill. 2d R. 133(c).

■ The ultimate fact in this case that was deemed admitted is that, taking all credits into account, defendant owes plaintiff at least $15,750. This admission subsumes any general denial of plaintiff's performance of the conditions as well as the related allegations of deficient performance in the unverified counterclaim based on the same facts. Absent extraordinary circumstances not here present, admissions pursuant to requests to admit are binding judicial admissions that may not be controverted at trial or in a motion for summary judgment. *Ellis v. American Family Mutual Insurance Co.*, 322 Ill. App. 3d 1006, 1010 (2001). Defendant cannot avoid the effects of its admissions of fact.

■ Finally, defendant argues that the trial court abused its discretion in denying its motion for leave to file an amended, verified counterclaim. The decision to permit or deny an amendment rests within the sound discretion of the circuit court and will not be

disturbed on review absent a manifest abuse of that discretion. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74 (1992). Among the factors to be considered in deciding that discretion was properly exercised are whether (1) the proposed amendment would cure the defective pleading; (2) it would cause prejudice or surprise to the other party; (3) it was timely sought; and (4) previous opportunities to amend the pleadings could be identified. *M. Ecker & Co. v. La Salle National Bank*, 268 Ill. App. 3d 874, 881 (1994).

■ In bringing this belated motion, defendant merely sought to recast its counterclaim with facts previously known in a transparent attempt to avoid the unfavorable judgment that was entered based on its admissions. The proposed amendment should not be allowed to cure the effect of defendant's inattention to pleading requirements and its failure to avoid its admissions, which had already taken the ultimate facts of the case out of contention. Our impression is that defendant or its counsel has engaged in inattentive and improper piecemeal litigation. It is improper practice to engage in piecemeal litigation, seeing one theory of the case to conclusion before proposing another. See *People v. Miraglia*, 323 Ill. App. 3d 199, 205 (2001). Moreover, the supreme court's rules are not mere technicalities or suggestions. They must be enforced as written. See *Bright*, 166 Ill. 2d at 210. We conclude that the trial court did not abuse its discretion in denying this motion.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and O'MALLEY, JJ., concur.