2019 IL App (1st) 180845
Opinion filed: February 15, 2019

FIRST DISTRICT
Fifth Division

No. 1-18-0845

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, f/n/a The Bank of New York for the Certificate Holders, CWALT, Inc., Alternative Loan Trust 2007-OA4 Mortgage Pass-Through Certificates, Series 2007-OA4, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 10 CH 21419 |
| EWA WOJCIK and ANTHONY AVADO, | ) ) | |
| Defendants-Appellants | ) ) | |
| (1634 North Milwaukee Condominium Association; The City of Chicago, an Illinois Municipal Corporation; Unknown Owners and Non-record Claimants, | ) ) ) ) | Honorable Freddrenna M. Lyle, |
| Defendants). | ) | Judge Presiding. |

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court, with opinion. Justices Hoffman and Hall concurred in the judgment and opinion.

**OPINION**

¶ 1     On appeal, defendants-appellants, Ewa Wojcik and Anthony Avado, contend that the circuit court improperly denied their cross-motion for summary judgment in this foreclosure action, instead improperly granting the cross-motion for summary judgment filed by plaintiff-appellee, The Bank of New York Mellon, f/n/a The Bank of New York for the Certificate Holders, CWALT, Inc., Alternative Loan Trust 2007-OA4 Mortgage Pass-Through Certificates, Series 2007-OA4 (Bank of New York). For the following reasons, we affirm.[1]

¶ 2                                        I. BACKGROUND

¶ 3     We restate here only those facts necessary to resolve this appeal.

_____

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order, stating with specificity why no substantial question is presented.

¶ 4    On January 12, 2007, Bank of New York's predecessor in interest gave a $154,000 loan to Ms. Wojcik, who executed a note promising to repay that loan with interest. The note was secured by a mortgage on a condominium unit located in Chicago, Illinois (property). That mortgage contained a provision requiring Ms. Wojcik to be provided—in the case of a default—certain notices prior to any acceleration of her payment obligations or the initiation of any foreclosure proceedings. Among other things, the mortgage required Ms. Wojcik to receive notice that she had the "right to assert *in the foreclosure proceeding* the non-existence of a default or any other defense of Borrower to acceleration and foreclosure." (Emphasis added.)

¶ 5    The predecessor in interest subsequently transferred its interest to Bank of New York. In addition, Ms. Wojcik thereafter deeded the property to herself and Mr. Avado, as tenants in common.

¶ 6    On July 17, 2009, Bank of New York sent Ms. Wojcik a letter, titled "Notice of Intent to Accelerate" (notice). Contending that Ms. Wojcik was in default due to nonpayment, the notice sought to comply with the above-referenced provisions of the mortgage requiring that Ms. Wojcik receive certain notices prior to acceleration of her payment obligations or the initiation of foreclosure proceedings. Of relevance here, the notice specifically informed Ms. Wojcik that "you may have the right to *bring a court action* to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure." (Emphasis added.)

¶ 7    Ms. Wojcik did not cure the default, and Bank of New York initiated the instant foreclosure proceeding on May 9, 2010. The operative amended complaint was filed on May 1, 2015. The amended complaint was pleaded in the form proscribed by section 15-1504(a) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1504(a) (West 2014)). As such, the complaint was statutorily "deemed and construed to include" the additional allegations

contained in section 15-1504(c) of the Foreclosure Law, including the specific allegation "that any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given." *Id.* § 15-1504(c)(9). In their answer to the amended complaint, defendants responded to this specific allegation by stating, "Defendants deny the above allegation."

¶ 8 The parties ultimately filed cross-motions for summary judgment. In their cross-motion, defendants argued that pursuant to the mortgage, sending a proper "notice of acceleration" was a condition precedent to Bank of New York's ability to file the instant foreclosure action. Defendants further asserted that Bank of New York did not satisfy this condition precedent because, while the mortgage executed by Ms. Wojcik required her to receive notice that she had the "right to assert *in the foreclosure proceeding* the non-existence of a default or any other defense of Borrower to acceleration and foreclosure" (emphasis added), Bank of New York instead sent a notice advising Ms. Wojcik that she "may have the right to *bring a court action* to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure" (emphasis added). In light of this failure to strictly comply with the condition precedent stated in the mortgage, defendants asked that summary judgment be awarded in their favor.

¶ 9 In response, Bank of New York argued—*inter alia*—that defendants had "waived" this argument by failing to allege specific facts in their answer with respect to why the condition precedent had not been performed, in violation of Illinois Supreme Court Rule 133(c).

¶ 10 On April 2, 2018, the circuit court entered a series of orders in which it (1) granted Bank of New York's cross-motion for summary judgment and denied the cross-motion for summary judgment filed by defendants; (2) granted a judgment of foreclosure and sale in favor of Bank of

New York; and (3) made a finding that there was no reason to delay an appeal, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Defendants thereafter filed a timely notice of appeal.

¶ 11                                        II. ANALYSIS

¶ 12    On appeal, defendants challenge only the circuit court's denial of their cross-motion for summary judgment. Before turning to the merits of that argument, we briefly address this court's appellate jurisdiction.

¶ 13    Except as specifically provided by the Illinois Supreme Court Rules, this court only has jurisdiction to review final judgments, orders, or decrees. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994).

> "A judgment or order is final for purposes of appeal if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy, and, if affirmed, the only task remaining for the trial court is to proceed with execution of the judgment." *Brentine v. DaimlerChrysler Corp.*, 356 Ill. App. 3d 760, 765 (2005).

¶ 14    However, even a final judgment or order is not necessarily immediately appealable. Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to

revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 15    It is well settled that a judgment ordering the foreclosure of mortgage

"is not final and appealable until the trial court enters an order approving the sale and directing the distribution. [Citations.] The reason such a judgment is not final and appealable is because it does not dispose of all issues between the parties and it does not terminate the litigation. [Citations.] Specifically, although a judgment of foreclosure is final as to the matters it adjudicates, a judgment foreclosing a mortgage, or a lien, determines fewer than all the rights and liabilities in issue because the trial court has still to enter a subsequent order approving the foreclosure sale and directing distribution. [Citations.] Accordingly, it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case." *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11.

However, if the circuit court makes a finding pursuant to Rule 304(a) that there is no just reason for delaying enforcement or appeal, the judgment of foreclosure is appealable. *Id.* ¶ 12; *In re Marriage of Verdung*, 126 Ill. 2d 542, 555 (1989).

¶ 16    Similarly, our supreme court has recognized that

"[o]rdinarily, the denial of summary judgment is not appealable, because such an order is interlocutory in nature. However, we have recognized an exception to this rule in certain circumstances, as when the parties have filed cross-motions for summary judgment and one party's motion is granted and the other party's denied." *Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 119.

¶ 17    As noted above, on April 2, 2018, the circuit court entered a series of orders in which it (1) granted Bank of New York's cross-motion for summary judgment and denied the cross-motion for summary judgment filed by defendants; (2) granted a judgment of foreclosure and sale in favor of Bank of New York; and (3) made a finding that there was no reason to delay an appeal, pursuant to Rule 304(a). Because the circuit court both granted and denied cross-motions for summary judgment with respect to Bank of New York's right to a judgment of foreclosure and sale and made a Rule 304(a) finding that there was no reason to delay an appeal with respect to those rulings, we find the above-cited authority demonstrates our jurisdiction over defendants' appeal from the denial of their cross-motion for summary judgment.

¶ 18    We, therefore, now turn to the merits of that decision.

¶ 19    Summary judgment is properly granted where the pleadings, depositions, and admissions on file, together with any affidavits, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016). The purpose of summary judgment is not to answer a question of fact, but to determine whether one exists. *Ballog v. City of Chicago*, 2012 IL App (1st) 112429, ¶ 18. When parties file cross-motions for summary judgment, they agree that no factual issues exist and that the disposition of the case turns on the circuit court's resolution of purely legal issues. *Maryland Casualty Co. v. Dough Management Co.*, 2015 IL App (1st) 141520, ¶ 45. Although a drastic means of disposing of litigation, summary judgment is, nonetheless, an appropriate measure to expeditiously dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009). When reviewing a ruling on a motion for summary judgment, we conduct a *de novo* review. *Coleman v. East Joliet Fire Protection District*, 2016 IL 117952, ¶ 20.

¶ 20    Here, the parties agree that sending a proper "notice of acceleration" was a condition precedent to Bank of New York's ability to file the instant foreclosure action. As such, Bank of New York's amended complaint and defendants' answer thereto were required to comply with Illinois Supreme Court Rule 133(c), which provides:

> "In pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party performed all the conditions on his part; if the allegation be denied, the facts must be alleged in connection with the denial showing wherein there was a failure to perform."

¶ 21    In light of the requirements of Rule 133(c), courts have repeatedly recognized that a mere general denial of the performance of the conditions precedent of a contract in a party's responsive pleading, without allegations of specific facts, results in forfeiture of the issue of the performance of the conditions precedent of a contract. See *Radkiewicz v. Radkiewicz*, 353 Ill. App. 3d 251, 259 (2004); *Tires 'N Tracks, Inc. v. Dominic Fiordirosa Construction Co.*, 331 Ill. App. 3d 87, 94 (2002); *Wilbur v. Potpora*, 123 Ill. App. 3d 166, 171 (1984); *Cushman & Wakefield of Illinois, Inc. v. Northbrook 500 Ltd. Partnership*, 112 Ill. App. 3d 951, 960 (1983).[2] Stated otherwise, a general denial to an allegation of the performance of a condition precedent in a contract is treated as an admission of that performance. *Radkiewicz*, 353 Ill. App. 3d at 259; *Tires 'N Tracks, Inc.,* 331 Ill. App. 3d at 94; *Wilbur*, 123 Ill. App. 3d at 171.

¶ 22    Here, defendants responded to Bank of New York's allegation "that any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given" by simply stating that "Defendants deny the above

---

[2]While these cases used the term "waiver," the failure to timely comply with the procedural requirement to properly refute the performance of a condition precedent is more appropriately referred to as "forfeiture." *Buenz v. Frontline Transportation Co.*, 227 Ill. 2d 302, 320, n.2 (2008).

allegation." No specific facts were alleged in defendants' answer to support this denial. As such, defendants have forfeited this issue; indeed, their general denial stands as an admission that Bank of New York provided all proper notices.

¶ 23    "As a general rule, a statement of fact that has been admitted in a pleading is a judicial admission and is binding on the party making it." *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 557 (2005). Judicial admissions " 'are formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.' " *Id.* at 557-58 (quoting 2 John W. Strong, McCormick on Evidence § 254, at 142 (4th ed. 1992)); see also *Lawlor v. North American Corp. of Illinois*, 409 Ill. App. 3d 149, 163 (2011). "An admission in an unverified pleading signed by an attorney is binding on the party as a judicial admission." *Knauerhaze*, 361 Ill. App. 3d at 558. "A party cannot create a factual dispute by contradicting a previously made judicial admission." *Burns v. Michelotti*, 237 Ill. App. 3d 923, 932 (1992). As such, a judicial admission may not be contradicted in a motion for a summary judgment or at a trial. *In re Estate of Rennick*, 181 Ill. 2d 395, 406-07 (1998).

¶ 24    Therefore, in light of defendants' judicial admission and the above-cited authority, the circuit court properly denied defendants' cross-motion for summary judgment. To the extent this result may be viewed as unduly harsh, we note that it is compelled by defendants' failure to comply with Rule 133(c). As our supreme court has recognized: "The rules of court we have promulgated are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995).

¶ 25                                 III. CONCLUSION

¶ 26　For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 27　Affirmed.