NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220889-U

NO. 4-22-0889

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 3, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| VICTOR M. ALICEA, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| CHRISTINA MEADOWS, | ) | No. 19L14 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffery E. Tobin, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Lannerd and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err in (1) denying defendant's motion for an extension of time to respond to discovery requests concerning the genuineness of documents and the veracity of certain facts, (2) denying defendant's motion to reconsider the denial of an extension of time to respond, or (3) granting summary judgment in favor of plaintiff.

¶ 2    Plaintiff Victor M. Alicea filed suit seeking judgment against defendant Christina Meadows on various alleged loans. Victor served discovery requests upon Christina, seeking the admission of the genuineness of various documents and the truth of certain facts. Christina failed to respond to the requests within the time required by Illinois Supreme Court Rule 216(c) (eff. July 1, 2014) and, after the allotted time to respond had expired, she sought leave for an extension of time to respond. Following a hearing, the circuit court denied an extension of time to respond and deemed the documents in the discovery requests genuine and the facts admitted. Christina filed a motion to reconsider, which the court also denied. Victor moved for summary judgment using the

facts deemed admitted and documents deemed genuine as the bases for a judgment in his favor, which the court granted.

¶ 3    Christina appeals, arguing that the circuit court abused its discretion in denying the motion seeking an extension to respond to the requests to admit as well as the subsequent motion to reconsider. She also argues the court erred in granting summary judgment in favor of Victor where the underlying basis was the facts admitted as the consequence of the denial of leave to respond. For the reasons that follow, we affirm.

¶ 4    I. BACKGROUND

¶ 5    Victor filed suit against his daughter Christina in July 2019. He subsequently amended his pleading, resulting in a three-count complaint seeking money judgments in relation to two alleged loans made to Christina and specific performance in relation to a real estate transaction. Written discovery was exchanged between the parties and discovery depositions were taken.

¶ 6    On May 9, 2022, Victor served two separate discovery requests upon Christina. One asked her to admit the genuineness of documents and the other sought the admission of various facts. The request to admit the genuineness of documents concerned Victor's bank statements, transfer slips, credit card receipts, and itemized statements from various financial institutions that allegedly showed the transfer of money from Victor to Christina. The request also sought to establish the genuineness of text messages between the parties and the transcription of a voicemail Christina allegedly left for Victor. Also included were portions of Christina's discovery deposition, documents purporting to be Christina's 2017 and 2018 federal tax returns, ledgers of loans to various individuals, including Christina, and a contract for sale of the subject real estate. The request to admit facts asked Christina to admit that Victor had loaned her certain amounts of money

on specific dates and that she had not repaid him in whole or in part; she was also asked to admit that certain loans she alleged during her discovery deposition she had made to Victor did not occur. Moreover, the request sought the admission that Victor and Christina entered into an agreement concerning the purchase of real estate and that Christina was still indebted to Victor as a result of the transaction.

¶ 7　　　　Pursuant to Illinois Supreme Court Rule 216(c) (eff. July 1, 2014), Christina was required to either answer or object to the requests within 28 days, or June 6, 2022. Indeed, this explicit warning to respond within 28 days was printed in bold on the requests themselves. She failed to do so and instead, on June 30, 2022, sought leave to respond.

¶ 8　　　　The motion for leave to respond cited Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011) as grounds for an extension of time and stated that counsel had scheduled the due date for responses to the requests as June 8, 2022, under a mistaken belief supreme court rules allotted 30 days to respond. Furthermore, counsel stated that he believed the due date for the responses was June 7, 2022, because June 6 was a Sunday. See 5 ILCS 70/1.11 (West 2022) (stating that in computing the time to respond, the last day of time is excluded if it falls on a "Saturday or Sunday"). However, June 6, 2022, was a Monday, not a Sunday. Moreover, the stated purpose of discovery requests to admit pursuant to Rule 216 was to "obviate the need for the necessary proof of facts as to which there is no real dispute," and it was inappropriate for Victor to attempt to prove his case "by use of this procedure" where the facts sought to be admitted had been repeatedly contested in previous discovery requests, as well as during Christina's discovery deposition. There were no proffered answers to the requests to admit attached to the motion.

¶ 9　　　　Victor filed a response to the motion for leave to respond, arguing the circuit court should deny the request and deem the documents genuine and the facts admitted. He asserted

Christina was effectively arguing her untimely objections to the requests to admit in her motion, which was improper.

¶ 10 The matter proceeded to a hearing. Counsel for Christina reiterated that he had mis-calendared the response deadline due to a misunderstanding of supreme court rules. He was out of state during the time the responses came due and was also experiencing staffing issues due to false positive COVID-19 results among his support staff. Upon returning to Illinois, counsel discovered he had missed the deadline to respond. He contacted opposing counsel seeking a voluntary extension of time to respond but was denied. Legal research was then conducted before finally a motion for leave to respond was filed. He argued that the contentions sought to be admitted had already been denied under oath during Christina's deposition and the facts sought to be admitted in the requests went to the central issues in the case. Counsel also stressed that Victor would not suffer any prejudice from the untimely responses. The circuit court pressed counsel for the reason for the failure to respond, and the following exchange took place.

"THE COURT: Okay. One final question before we hear from Mr. Leefers [(Victor's attorney)]. Ultimately what's your good cause that you are showing to the [c]ourt today?

MR. PAPPAS [(DEFENSE ATTORNEY)]: I'm sorry?

THE COURT: What's your good cause that you are showing to the [c]ourt today?

MR. PAPPAS: Well, I'm just, I'm just requesting, Judge, to grant relief to respond, and then I can file the necessary responses today by close of business which I have already done to the request to admit facts and the genuineness of documents.

- 4 -

THE COURT: What's the good cause for missing the deadline?

MR. PAPPAS: I'm sorry?

THE COURT: What's the good cause for missing the deadline?

MR. PAPPAS: Well, the cause was, Judge, I had inaccurately put due and owing on June 8th instead of June 7th."

¶ 11      Victor's counsel responded that opposing counsel had failed to show good cause and that: "We're now, as we stand here today we're some 73 days following service, 45 days after the due date, and 12 days before trial. We've yet to see Mr. Pappas's proposed or proffered responses or objections."

¶ 12      The circuit court found a lack of good cause regarding the failure to object or respond in a timely manner. The court denied the motion for an extension of time to respond and deemed the documents in the requests genuine and the facts admitted.

¶ 13      A motion to reconsider followed. Christina's counsel alleged that, in preparing the responses to the discovery requests, he realized the answers would be untimely. He therefore "conducted legal research on the issue, and within 24 days of the due date ***," sought leave for an extension of time to answer. Counsel argued that the court may allow a late response when the discovery requests go to the central issue in the case and the requesting party suffers no harm from a late response. He also argued that the Illinois Supreme Court has held there is no blanket rule that mistake, inadvertence, or attorney neglect on the part of the moving party can never form the basis of a good-cause argument, but rather favored a disposition of cases on the merits.

¶ 14      There is no report of proceedings for the hearing on the motion to reconsider in the record. The circuit court entered an order denying the motion to reconsider.

¶ 15 Between the circuit court's denial of Christina's original motion and her motion to reconsider, Victor filed a motion for summary judgment. Relying on the judicial admissions resulting from the facts in the request to admit being deemed admitted and the documents genuine, Victor argued there were no genuine issues of material fact and sought judgment in his favor on all three counts.

¶ 16 Christina filed a response to the motion for summary judgment, denying the allegations in Victor's motion while conceding that the facts sought to be admitted in the request to admit were judicial admissions. She also filed a counter-affidavit in support of her response. She swore that she had paid Victor for the amount sought in count II of the complaint and attached bank documents and check images evidencing numerous payments from Christina to Victor.

¶ 17 The circuit court granted summary judgment based on the pleadings in favor of Victor on all counts. The court entered money judgments on counts I and II and ordered Christina to convey her interest in a piece of real estate to Victor within 60 days as requested in count III.

¶ 18 This appeal followed.

¶ 19 II. ANALYSIS

¶ 20 The crux of Christina's arguments on appeal is that the circuit court abused its discretion in denying her leave to respond to the requests to admit outside of the time allotted by rule and in the entry of summary judgment as a result of her admissions. This denial resulted in Victor securing summary judgment in his favor.

¶ 21 A. Requests to Admit

¶ 22 Requests to admit facts and genuineness of documents are governed by Illinois Supreme Court Rule 216 (eff. July 1, 2014). Rule 216 allows parties to serve upon each other requests for the admission of fact (Ill. S. Ct. R. 216(a) (eff. July 1, 2014)) and requests for the

admission of the genuineness of a document (Ill. S. Ct. R. 216(b) (eff. July 1, 2014)). In the absence of a response or objection within 28 days after service of the request, "the matters of fact and the genuineness of each document of which admission is requested is admitted." Ill. S. Ct. R. 216(c) (eff. July 1, 2014). The purpose of requests to admit is not the discovery of facts, but rather to establish for trial certain material facts in a cause of action without the necessity of formal proof. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 346 (2007) (*Vision Point*) (quoting *P.R.S. International, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 237 (1998)).

¶ 23      Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011) vests the circuit court with discretion to avoid the harsh consequences of failing to respond to a request to admit pursuant to Rule 216 by extending the time to respond to the requests upon a showing of good cause. See *Vision Point*, 226 Ill. 2d 334, 343 (2007) (citing *Bright v. Dicke*, 166 Ill. 2d 204, 208 (1995)). The party seeking an extension of time to respond "must submit to the court clear, objective reasons why it was unable to meet the original deadline and why an extension of time should be granted." *Id.* at 347-48. The ruling on a motion to extend the time to respond pursuant to Rule 183 is fact-dependent and within the sound discretion of the circuit court. Reversal is called for only when the circuit court has abused its discretion. *Id.* at 353. "An abuse of discretion occurs only where no reasonable person would take the position adopted by the circuit court." *Peach v. McGovern*, 2019 IL 123156, ¶ 25. We will not substitute our judgment for that of the circuit court absent an abuse of discretion. *Tzystuck v. Chicago Transit Authority*, 124 Ill. 2d 226, 241 (1988).

¶ 24      Turning to the arguments, one of the themes of this appeal is Christina's argument that Victor would not have suffered prejudice if the circuit court allowed the late responses. She cites *Sims v. City of Alton*, 172 Ill. App. 3d 694 (1988), and *Daleanes v. Board of Education of Benjamin Elementary School District 25, Du Page County*, 120 Ill. App. 3d 505 (1983), as support

for her contention that the lack of harm to Victor should have strengthened the probability of success on the motion for an extension of time to respond.

¶ 25	Our supreme court in *Vision Point* clarified that it is the party moving for an extension of time that bears the burden of establishing good cause and that inconvenience or prejudice are not proper considerations when ruling on a motion pursuant to Rule 183. *Vision Point*, 226 Ill. 2d at 350. Allowing the moving party to rely on the opponent's lack of harm would improperly shift the burden to the nonmoving party. *Id.* at 344. Instead, " 'the party opposing such a motion should be under no obligation to show anything.' " *Id.* (quoting *Bright*, 166 Ill. 2d at 210). Accordingly, the argument that the circuit court should have granted the motion for leave of an extension of time to respond because Victor would have suffered no prejudice by the untimely response to the requests is without merit. To the extent that *Sims* and *Daleanes* support that contention, they were overruled by *Vision Point*.

¶ 26	Having established the nature of the circuit court's discretion in this context, we turn next to Christina's contention that "mistake, inadvertence, or attorney neglect" may serve as good cause for an extension of time to respond. This argument finds support in *Vision Point*, where the court ruled that there is no "blanket rule that mistake, inadvertence, or attorney neglect on the part of the moving party can never form the basis of a good-cause argument that a Rule 183 time extension should be granted." *Id.* at 351. The court found these "types of reasons properly focus the circuit court's inquiry on the conduct of the proper party—the movant." *Id.* What is important to take away from *Vision Point* is that, while the court rejected any kind of *per se* rule applicable in cases of mistake, inadvertence, or attorney neglect, it left it to the discretion of circuit courts to consider such factors in the context of all other matters bearing on good cause.

¶ 27       Here, the circuit court was confronted with a situation in which counsel's admitted misunderstanding of the rules—despite the clear warning to respond within 28 days on the face of the requests themselves—led him to diary a response deadline falling two days late. However, counsel also failed to meet his own misconceived due date, as no filing was made within the 30 days he understood were applicable. He then took an additional 24 days before filing anything at all with the court; that filing was a motion for an extension of time to answer, but the motion was *still* not accompanied by proposed responses. Ultimately, Christina did not proffer responses to the requests until 53 days after they were due, attaching them to the motion to reconsider.

¶ 28       The only grounds for good cause argued in the motion for an extension of time were a mistake of law (*i.e.*, 28 versus 30 days to answer) and travel outside of the state. At the hearing, staffing issues were advanced as another possible reason to support good cause, but no definite time frame for those issues was provided. Christina's counsel failed to abide by the warning contained within the requests to admit and then compounded that failure by failing to conform with the due date formulated under the mistaken belief of law. This issue was then allowed to linger before a responsive motion was filed with the circuit court. Based on this record, we cannot find that the court abused its discretion in denying an extension of time to respond. While this result may appear harsh, supreme court rules have the force of law and are not mere suggestions. *Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶ 37.

¶ 29                        B. Motion to Reconsider

¶ 30       Christina next argues that the circuit court erred in denying the motion to reconsider the denial of leave to respond. We note that this argument is simply a regurgitation of the arguments discussed above. Christina fails to provide a standard of review (Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020) (requiring a standard of review and applicable authority)) or a proper purpose

for the motion below (*Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36) ("The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence that was not available at the time of the original hearing, changes in existing law, or errors in the court's application of the law."). Our review of the record reveals that this motion was not brought for a proper purpose in the lower court, as Christina was not arguing the court misapplied the law, just that it should apply its discretion more deferentially as to her. A hearing was also held on the motion to reconsider, but a record of that proceeding is not before this court. Absent a record, we cannot find that the circuit court abused its discretion in denying the motion to reconsider. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (noting the appellant has the burden to present a sufficiently complete record of the proceedings to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the court was in conformity with law and had a sufficient factual basis). Accordingly, the court did not abuse its discretion in denying the motion to reconsider. See *Simmons v. Reichardt*, 406 Ill. App. 3d 317, 324 (2010) (noting the decision to grant or deny a motion to reconsider is reviewed for an abuse of discretion).

¶ 31                                    C. Summary Judgment

¶ 32            The inadequacy of Christina's argument challenging the circuit court's denial of her motion to reconsider is perpetuated in her arguments seeking the reversal of summary judgment. There is no citation to a standard of review for this court to evaluate her claim on appeal. Further, the arguments presented are a repackaging of the arguments from the previously discussed and discarded claims of error, rather than a separate analysis of the question of summary judgment. Moreover, Christina fails to cite any authority in her opening brief supporting the claim of error, resulting in forfeiture. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 33                                    III. CONCLUSION

¶ 34   For the reasons stated, we affirm the judgment of the circuit court.

¶ 35   Affirmed.