NOTICE
Decision filed 09/25/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240849-U

NO. 5-24-0849

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 23-CF-328 |
| | ) | |
| RYAN ENDSLEY, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The defendant waived any argument regarding the alleged untimeliness of the hearing on the petition to revoke by failing to raise it in his motion for relief as required by Illinois Supreme Court Rule 604(h)(2).

¶ 2                          I. BACKGROUND

¶ 3    On November 3, 2023, the defendant, Ryan Endsley, was arrested and released for alleged criminal damage to government supported property. On the same date, Endsley was provided notice to appear in court on December 11, 2023. Endsley was charged by information with one count of criminal damage to government supported property, a Class 4 felony, in Jefferson County case No. 23-CF-328. On November 16, 2023, a grand jury returned an indictment on the same charge, and Endsley's first appearance was rescheduled to take place on January 8, 2024.

1

¶ 4    On January 8, 2024, Endsley failed to appear, and the circuit court issued an arrest warrant, which was executed on January 11, 2024. On January 26, 2024, Endsley was released on a conditions of pretrial release order.

¶ 5    On March 20, 2024, Endsley failed to appear, and the circuit court issued an arrest warrant, which was executed on April 1, 2024. Endsley was again released with conditions of pretrial release.

¶ 6    On June 11, 2024, Endsley again failed to appear, and the trial court issued an arrest warrant. Endsley was arrested on July 4, 2024, and charged in Jefferson County case No. 24-CF-178 with possession of a stolen motor vehicle.

¶ 7    On July 5, 2024, the State filed a petition to revoke Endsley's pretrial release. The circuit court conducted a hearing on the petition to revoke on July 9, 2024, and revoked Endsley's pretrial release after finding that Endsley violated his conditions of pretrial release and that no conditions could ensure Endsley's appearance or prevent future charges.

¶ 8    On July 15, 2024, Endsley filed a motion for relief which alleged the following:

"1.    Ryan Endsley was arrested on 11/3/23 and charged with Criminal Damage to Government Supported Property, a class 4 felony. Thereafter on 6/11/24, he was arrested on charges of Unlawful Possession of a Stolen Vehicle, a class 2 felony.

2.    A Petition to Revoke Pretrial Release was filed by the State and hearing was held on 7/9/24, at which time Petitioner's Pretrial Release was revoked.

3.    The court found that no condition or combination of conditions or [*sic*] release would reasonably ensure Defendant appears for later hearings and prevent Defendant from being charged with a subsequent Felony or Class A Misdemeanor.

4.    Defendant has a place where he can stay while on home confinement and/or electronic monitoring. Defendant suffers from mental health maladies and needs to be in treatment not custody.

5.    Continued detention is not necessary in this matter.

6.    Defendant could be placed on home confinement and/or electronic monitoring. The Defendant's girlfriend, Haleigh Myers, who resides in Jefferson County was in the courtroom at the time [of] said Hearing [and] stated that the Defendant could reside with her while on home confinement. As for the safety of a person, persons or the community, none of the Defendant's past convictions indicate that he is violent or in anyway a danger to anyone.

7.    Based on the totality of the circumstances, the defendant's continued detention is not necessary. Defendant will comply with any conditions the Court imposes for release.

8.    The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or class A misdemeanor.

10. [*sic*] The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of the Defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor."

¶ 9    The circuit court conducted a hearing on the motion for relief on July 17, 2024, and denied it. Endsley filed a notice of appeal on July 17, 2024.

3

¶ 10                                    II. ANALYSIS

¶ 11    Before turning to Endsley's arguments on appeal, we must address Endsley's motion to supplement the record on appeal. We grant the motion to supplement the record on appeal with the transcript of the hearing on the motion for relief held on July 17, 2024.

¶ 12    Turning to Endsley's argument on appeal, he argues that the circuit court's order revoking his pretrial release should be vacated because the hearing on the petition to revoke was not held within 72 hours of the State filing the petition. The State counters that Endsley waived this argument by failing to include it in his motion for relief.

¶ 13    Illinois Supreme Court Rule 604(h) governs appeals from orders imposing conditions of release, granting or denying a petition to deny pretrial release, or revoking or refusing to revoke pretrial release. Rule 604(h) provides, *inter alia*, that:

> "(2) Motion for Relief. As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issues not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 14    Illinois Supreme Court rules " 'have the force of law' and are 'not aspirational.' " *People v. Shunick*, 2024 IL 129244, ¶ 22 (quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995)). "When a rule is 'plain and unambiguous, we may not depart from [its] terms by reading into it exceptions, limitations, or conditions [the supreme court] did not express, nor may we add provisions not found in the [rule].' " *Id.* (quoting *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 24).

4

¶ 15 Our supreme court, by rule, has clearly stated that "any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). In the present matter, Endsley's motion for relief did not raise the issue of timeliness of the hearing, as such we shall deem it waived.

¶ 16                                III. CONCLUSION

¶ 17 For the foregoing reasons, the circuit court's order of July 9, 2024, is affirmed.


¶ 18 Affirmed; motion granted.